**David Wilson McCREA, Appellant,**

v.

**CUBILLA CONDOMINIUM CORPORATION, N.V. and Fidinam (U.S.A.), Inc., Appellees.**

No. 01–86–00842–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

Dec. 15, 1988.

Rehearing Denied April 27, 1989.

Karen A. Lerner, Houston, for appellant.

Jim Flegle, Bracewell & Patterson, Houston, for appellees.

Before LEVY, WARREN and DUGGAN, JJ.

## OPINION

LEVY, Justice.

The Court's opinion of September 10, 1987, is withdrawn, and the following is substituted therefor.

Appellant, David Wilson McCrea, appeals a take-nothing judgment entered after a second trial to the court. The issues at that trial were whether an express warranty was breached and, if so, the amount of damages occasioned thereby. Appellant asserts three points of error.

Appellant filed his original action alleging fraud, misrepresentation, violations of the Texas Deceptive Trade Practices Act, Tex.Bus. & Com.Code Ann. sec. 17.41 et seq. (Vernon 1987) ("DTPA"), and breach of express and implied warranties for alleged defects in a condominium. The trial court granted appellees' motion for partial summary judgment on the express and implied warranty claims arising from the contract and also ordered a trial on the merits under the DTPA. After the case was transferred, another court held a non-jury trial, determined that there were no material misrepresentations by the appellees, and granted appellees a take-nothing judgment. This Court disallowed appellant's claim that the purchase of the condominium carried with it an implied warranty of habitability, and affirmed the judgments of the trial courts except as to the portion of the partial summary judgment that found no express warranties. *McCrea v. Cubilla,* 685 S.W.2d 755 (Tex.App.—Houston [1st Dist.] 1985, writ ref'd n.r.e.).

This Court based its prior ruling on its finding that appellee Fidinam, Cubilla's representative, created an express warranty on the condominium's roof as a matter of law when it sent a letter to appellant that stated in part:

In confirmation of our telephone conversation, we acknowledge the existence of a persistent roof leak in your unit. We will continue our efforts to locate the source of your problem and resolve it to your satisfaction.

In the unlikely event we cannot locate the leak before the end of your warranty period we will, of course, stand behind our product and remedy the problem at our expense.

On remand, appellant filed a third amended petition, in which he raised additional legal theories concerning the sale of his condominium unit. Appellees filed special exceptions to the third amended petition or, in the alternative, a motion to strike. Appellant agreed to replead, and filed a fourth amended petition, again attempting to raise new legal theories concerning the sale of his condominium. Appellees filed special exceptions objecting to some allegations contained in appellant's fourth amended petition, including claims that appellant was entitled to attorney's fees for the first trial on the merits and for the appeal of the judgment rendered in that trial. Appellant filed a fifth amended petition, once again attempting to raise new legal theories. Appellees' special exceptions thereto included their objections to the following portions:

1. Appellant's allegation in paragraph I-B that "this is an action for breach of contract relating to the repair or replacement of the roof to his condominium building";

2. Appellant's allegation in paragraph V-B that the alleged leaks "caused damage to his condominium unit and the improvements therein";

3. Appellant's allegation in paragraph V-C that he gave notice to the appellees

of the alleged damages to the interior of his condominium unit;

4. Appellant's allegation in paragraph V–D that appellees "extended a warranty and contracted to continue to work on the problem with the roof until such time as it was remedied to [the appellant's] satisfaction";

5. Appellant's allegation in paragraph V–E that he "gave notice under the Deceptive Trade Practices Act of the alleged breach of warranty and breach of contract" and that appellees "breached both the contract and the warranty between the parties";

6. Appellant's allegation in paragraph VI–A that appellees "further entered into a contract to repair the roof and remedy the problem of the leaking to [his] satisfaction";

7. Appellant's allegation in paragraph VI–B that "the Defendants implied that they were competent or that they would hire individuals competent to repair or replace the roof so that it would no longer leak";

8. Appellant's allegation in paragraph VII–A that his losses included damage to the improvements contained within his condominium unit; and

9. Appellant's allegation in paragraph VII–B that the cost to repair the alleged damages to the interior of the condominium was or will be approximately $4,500.00.

Appellees' special exceptions to appellant's fifth amended petition also included an objection to appellant's claim that he was entitled to attorney's fees for the first trial and its appeal. The trial court granted appellees' special exceptions to this petition in their entirety on July 15, 1986.

Appellees also filed first amended answers, to which appellant filed special exceptions. Appellees then filed second amended answers in response to appellant's special exceptions, but appellant did not respond. Appellees next filed third amended answers, adding an affirmative defense, and subsequently filed fourth amended answers, and to both filings, appellant did not respond.

After a bench trial, the court entered a take-nothing judgment on the limited issue of breach of the express warranty based on repairs to the roof.

■ In his first and second points of error, appellant claims that the trial court erred in sustaining appellees' special exceptions because the "law of the case" doctrine does not apply to this case. Appellant grounds his claims on several arguments, only one of which we need consider in light of the recent Texas Supreme Court decision in *Melody Homes Mfg. Co. v. Barnes*, 741 S.W.2d 349 (Tex.1987). We dispose of points of error one and two by considering appellant's contention that the "law of the case" doctrine is inapplicable because this Court's original opinion was erroneous.

■ Under the "law of the case" doctrine, questions of law decided on appeal to a court of last resort will govern the case throughout its subsequent stages, *Hudson v. Wakefield*, 711 S.W.2d 628, 630 (Tex. 1986), so as to achieve uniformity of decision and judicial economy, and to put an end to litigation. *Id.* When either the issues or the facts have materially changed since the first trial, or where the decision on a former appeal was clearly, or was later held to be, erroneous, or where, as here, a subsequent applicable standard has been established by the Texas Supreme Court, the "law of the case" doctrine will not necessarily apply. *Barrows v. Ezer*, 624 S.W.2d 613, 617 (Tex.Civ.App.—Houston [14th Dist.] 1981, no writ).

In *Melody Homes*, the Texas Supreme Court held that the breach of the implied warranty to repair or modify existing tangible goods or property in a good and workmanlike manner is actionable under section 17.50 of the DTPA, and that "the implied warranty that repair or modification services of existing tangible goods or property will be performed in a good and workmanlike manner *may not be waived or disclaimed.*" *Melody Homes*, 741 S.W. 2d at 355 (emphasis added). Persuasive to the Court's departure from the traditional view, that a written disclaimer of express and implied warranties of good workman-

ship was valid and enforceable, is the consumer's innocent and customary expectation that services will be performed in a good and workmanlike manner regardless of the "small print" in the contract. The Court's desire to discourage shoddy workmanship, and to prevent the use of such disclaimers by those who provide repair or modification services for existing tangible goods to circumvent consumer expectations of satisfactory service, is of primary value and efficacy in the *Melody Homes* opinion. This is consistent with both the trend in recent consumer protection legislation and sound public policy. *Melody Homes*, 741 S.W.2d at 353–55.

*Melody Homes* defines "good and workmanlike as that quality of work performed by one who has the knowledge, training, or experience necessary for the successful practice of a trade or occupation and performed in a manner generally considered proficient by those capable of judging such work." *Melody Homes*, 741 S.W.2d at 354. The Texas Supreme Court specifically held that repairmen are not required "to guarantee the *results* of their work; we only require those who repair or modify existing tangible goods or property to *perform* those services in a good and workmanlike manner." *Melody Homes*, 741 S.W.2d at 355 (emphasis in original). We hold that the repair of the roof in this case is a repair of an "existing tangible good," and, thus, appellant has a cause of action pursuant to the DTPA.

The "Partial Summary Judgment Order" dated December 5, 1983, from which this suit originally derived, ordered that defendants (appellees) be granted interlocutory judgment on "all claims arising from the contract and as to express or implied warranties between the parties in this cause of action." This original summary judgment as to claims *arising from the contract* is upheld, as found by this Court in its 1985 opinion, *McCrea v. Cubilla*, 685 S.W.2d 755, under the doctrine of merger. The Parol Evidence Rule would bar proof of any breaches of warranties made prior to,

*but not contained in,* the sales contract. *See Alvarado v. Bolton*, 749 S.W.2d 47 (Tex.1988).

In light of the *Melody Homes* ruling, our former opinion in *McCrea*, 685 S.W.2d 755, affirming the trial court's entry of a summary judgment for appellees on all claims arising from the contract as to implied warranties between parties, but remanding solely the express warranty issues for a trial, was erroneous. As appellant's *implied* warranty action arose from appellees' attempt to repair the roof and *not* from the sales contract, the issues remanded were too narrow. The "law of the case" doctrine no longer applies because the Texas Supreme Court, in *Melody Homes*, held that the implied warranty of repair or modification to existing tangible goods or property can not be waived. Therefore, the appellant has an actionable implied warranty claim, pursuant to the DTPA, that the roof repairs were not done "in a good and workmanlike manner." Appellant has not yet litigated this claim. Following *Melody Homes*, the original remand order shall be reformed and the cause of action will be remanded for a trial on the merits of appellant's claim for breach of implied warranty to repair or modify existing tangible goods (appellant's roof) in a good and workmanlike manner. Appellant has had ample opportunity to litigate all other issues of his case.

Appellant's first and second points of error are sustained.

■■■ Appellees have filed a motion to supplement the record in which they maintain that a complete statement of facts would show that the issue of whether the repairs were made in a good and workmanlike manner has already been litigated. To this end, relying on Tex.R.App.P. 55(c), they have moved that the record be supplemented to include the statement of facts to prove their contention. However, Rule 55(c) does not apply to appellees in this case.[1] There is no evidence that the record

---

**1.** Texas R.App.P. 55(c) reads as follows:

Should it be apparent during the submission or afterwards that the case has not been proper-

ly prepared as shown in the transcript, or properly presented in the brief or briefs, or that the law and authorities have not been properly cit-

before this Court was prepared improperly or in violation of the rules or that the appellant in any way erred in his preparation of submission of the record. As appellant points out, appellees never requested the preparation of a statement of facts, although they were duly notified of the perfection of the appeal.

Also, in November, 1986, after this appeal was perfected, appellees filed a motion to dismiss. As part of their grounds, they argued that they had been prejudiced in their appeal by the failure of preparation of a statement of facts, which they never requested. This Court, by order dated December 4, 1986, denied appellees' motion to dismiss.

At no time since that date until now, have the appellees in any way sought to supplement the record in compliance with the Texas Rules of Appellate Procedure. Now, they attempt in their motion for rehearing to rely on materials and records that are not properly before this Court.

Appellees' motion to supplement the record is denied.

In his third point of error, appellant contends that the trial court erred in sustaining appellees' special exceptions and in limiting the recovery of attorney's fees. Appellant argues that he is entitled to attorney's fees for the first trial of this action and for the appeal, because the express warranty issues were inseparable from the other causes of action.

It is a well-settled rule of law that unless attorney's fees are provided by statute, or by a contract between the parties, such fees are not recoverable against an adversary. *Bray v. Curtis*, 544 S.W.2d 816, 820 (Tex.Civ.App.—Corpus Christi 1976, writ ref'd n.r.e.). Under *Melody Homes*, the trial court erred in granting appellees' motion for summary judgment as to the implied warranty claim that the repair of the roof was not done in a good and workman-

like manner. Due to the erroneous summary judgment, appellant was deprived of the opportunity to fully adjudicate his cause of action on the merits, thus also depriving him of the opportunity to recover attorney's fees in the event that he prevailed. We need not address appellant's grounds on entitlement to attorney's fees. On remand, appellant is entitled to assert fully his claim that appellees breached the implied warranty of good and workmanlike repairs, which would include his claim for attorney's fees.

Appellant's third point of error is sustained.

The take-nothing judgment of the trial court is reversed as to appellant's DTPA claim that appellees breached the implied warranty of good and workmanlike repairs, and the cause is remanded for retrial on the merits of that issue, consistent with this opinion.

---

ed, which will enable the court to decide the case, it may decline to receive the submission; or, if received, may set it aside and make such orders as may be necessary to secure a more satisfactory submission of the case; or should it appear to the court, after the submission of the

cause, that the statement of facts has been prepared in violation of the rules, the court may require the appellant to furnish a proper statement of facts, and upon his failure to do so may disregard it.