**CITY OF DALLAS, Appellant,**

v.

**David JONES and Veronica Jones, Appellees.**

**No. 05–09–01379–CV.**

Court of Appeals of Texas, Dallas.

July 21, 2010.

Kenneth Robert Bennett, Office of the City Attorney, Barbara E. Rosenberg, City of Dallas Attorney's Office, Dallas, TX, for Appellant.

Robert D. Hemphill, James David Brown, Dawn Theiss, Winstead Sechrest & Minick, Dallas, TX, for Appellees.

Before Justices MORRIS, MOSELEY, and LANG.

## OPINION

Opinion By Justice MORRIS.

The City of Dallas brings this interlocutory appeal challenging the trial court's denial of its second plea to the jurisdiction. Specifically, the City challenges the trial court's determination that it does not have governmental immunity from appellees' requests for a declaratory judgment and attorneys' fees or from their claims for negligence and equal protection. After reviewing the record on appeal, we conclude the trial court properly denied the City's plea with respect to appellees' request for a declaratory judgment and attorneys' fees. We further conclude, however, the trial court erred in denying the City's plea with respect to appellees' claims for negligence and equal protection. Accordingly, we affirm the trial court's order in part and reverse it in part.

### I.

In February 2006, appellees David and Veronica Jones bought a vacant lot in Dallas County for the purpose of constructing a single-family home. During the course of construction, the builders discovered a 60–inch storm drainage pipe and a 15–inch sanitary sewer line running directly under the center of the property. Neither of these pipes was revealed on a survey of the property obtained by appellees before they purchased the lot. Nor has the City been able to locate any recorded easement for the pipes.

In December 2007, after the City suspended their building permit, appellees filed suit against the City seeking, among other things, to quiet title and obtain a declaratory judgment and attorneys' fees. Appellees also brought a claim for inverse condemnation under Article 1, § 17 of the Texas Constitution. The City filed a plea to the jurisdiction asserting governmental immunity with respect to all of appellees' claims. The trial court denied the plea in its entirety. On appeal, we affirmed the trial court's decision, and the Texas Supreme Court denied the City's petition to review our holding.

After the cause was remanded to the trial court, appellees amended their pleadings to restate some of their claims and to add new claims for negligence and equal protection. The City filed a second plea to the jurisdiction directed at the new claims and again challenged appellees' request for a declaratory judgment and attorneys' fees. The trial court denied the City's second plea to the jurisdiction. The City brings this interlocutory appeal challenging the trial court's ruling.

### II.

In its first argument on appeal, the City contends the trial court erred in denying its plea to the jurisdiction on appellees' request for declaratory relief because the Uniform Declaratory Judgments Act does not confer subject matter jurisdiction in this case. Appellees respond that their current request for a declaratory judgment is substantively identical to the one made in their original petition that was the subject of the City's first plea to the jurisdiction. Accordingly, appellees argue that our decision affirming the trial court's denial of the City's first plea to the jurisdiction is the "law of the case" with respect to that claim. We agree.

 Under the doctrine of the "law of the case," a question of law decided on appeal to a court of last resort governs the case throughout its subsequent stages. *See Hudson v. Wakefield,* 711 S.W.2d 628, 630 (Tex.1986). The doctrine is based on public policy and is aimed at putting an

end to litigation. *Id.* The doctrine does not necessarily apply, however, where the issues or facts presented in the later appeal are not substantially the same as those addressed in the earlier appeal. *Id.* Furthermore, the law of the case doctrine does not prevent a court from reconsidering its earlier decision if there has been a change in the controlling law between the time of the first and second determinations. *See McCrea v. Cubilla Condominium Corp.,* 769 S.W.2d 261, 263 (Tex. App.-Houston [1st Dist.] 1988, writ denied).

■ The City does not argue that the issues or facts presented in appellees' current request for a declaratory judgment have changed since our earlier decision in this case. The City argues only that there has been an intervening change in controlling law. This alleged change, according to the City, is found in a footnote to the Texas Supreme Court decision in *City of El Paso v. Heinrich,* 284 S.W.3d 366 (Tex. 2009).

In *Heinrich,* the supreme court addressed the scope of the ultra vires exception to governmental immunity. *See id.* at 372. The case before us does not involve the ultra vires exception because appellees have not sued any government officials in their official capacity. *Id.* at 373. In footnote six to its opinion, the court noted that the Declaratory Judgment Act waives immunity for governmental entities when the declaratory relief sought involves a challenge to an ordinance or statute. *See id.* at 373 n. 6. Far from being a change in the law, this footnote merely recited law that was already well established. *See Tex. Educ. Agency v. Leeper,* 893 S.W.2d 432, 446 (Tex.1994); *Tex. Natural Res. Conservation Comm'n v. IT–Davy,* 74 S.W.3d 849, 859–60 (Tex.2002); *City of Dallas v. Albert,* 214 S.W.3d 631, 637 (Tex. App.-Dallas 2006, pet. granted). There is nothing in the footnote that changes or

departs from the precedent it relies upon. Because there has been no change in the law since our original opinion in this case, we conclude the law of the case doctrine applies and we decline to address the City's arguments pertaining to immunity from appellees' request for a declaratory judgment.

■ Our determination that the law of the case doctrine applies to appellees' request for a declaratory judgment also resolves the City's challenge to the trial court's order denying its plea to the jurisdiction on appellees' claim for attorneys' fees. In a proceeding under the Declaratory Judgment Act, the court may award costs and reasonable and necessary attorneys' fees. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 37.009 (Vernon 2008). To the extent the City is not immune from appellees' request for a declaratory judgment, it is also not immune from an award of fees. *See Leeper,* 893 S.W.2d at 446.

The City argues that even if appellees are allowed to pursue their claim for declaratory relief, they should not be allowed to recover attorneys' fees under the supreme court's decision in *MBM Financial Corporation v. Woodlands Operating Co., L.P.,* 292 S.W.3d 660 (Tex.2009) and our decision in *Sani v. Powell,* 153 S.W.3d 736 (Tex.App.-Dallas 2005, pet. denied). Both of these decisions, however, address a party's entitlement to attorneys' fees on the merits. *See MBM Fin.,* 292 S.W.3d at 669; *Sani,* 153 S.W.3d at 745. Neither case addresses the issue of immunity from a claim for attorneys' fees, which is the issue before us in this interlocutory appeal. Based on the foregoing, we affirm the trial court's order denying the City's plea to the jurisdiction with respect to appellees' request for a declaratory judgment and attorneys' fees under the doctrine of the law of the case.

### III.

The City next argues that the trial court erred in denying its plea to the jurisdiction with respect to appellees' negligence claim because there is no waiver of immunity under the Texas Tort Claims Act for the specific actions about which appellees complain. Appellees respond that the Tort Claims Act does not apply to their claims because the City's acts or omissions occurred before 1970, the effective date of the Tort Claims Act. Furthermore, appellees argue that the City's acts or omissions were proprietary in nature, rather than governmental, and, therefore, governmental immunity does not apply.

■ By its terms, the Tort Claims Act does not apply to acts or omissions that occurred before January 1, 1970. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 101.061 (Vernon 2005). Both the City and appellees have stated that the pipes at issue were constructed more than fifty years ago. Appellees state in both their petition and their brief that the acts about which they complain occurred before 1970. Accordingly, the City's immunity from appellees' negligence claim is governed by the common law. *See City of Tyler v. Likes,* 962 S.W.2d 489, 500–01 (Tex.1997).

■ Under the common law, the City's immunity depends upon whether the act or omission complained of was proprietary or governmental in nature. An act is proprietary, and not subject to the protections of governmental immunity, if the City was acting in its private capacity for the benefit of only those within its corporate limits. *See Dilley v. City of Houston,* 148 Tex. 191, 222 S.W.2d 992, 993 (1949). By comparison, if the City was exercising discretionary powers of a public nature involving

judicial or legislative functions, such actions are governmental in nature and the City is immune. *See Likes,* 962 S.W.2d at 501.

■ The specific acts about which appellees complain are the City's failure to (1) condemn the land at issue for an easement or (2) record an easement or (3) relocate the pipes so that they would not interfere with the use of the property for a single-family residence. Appellees argue that all three acts or omissions were committed as part of the construction, operation, and maintenance of the City's sewer system. Under the common law, the acts of constructing, operating, and maintaining a sewer system are considered proprietary functions. *See Dilley,* 222 S.W.2d at 994. The design and planning of a sewer system, however, including decisions about where sewer lines should be located, involves the exercise of discretionary powers that are public in nature and are protected by governmental immunity under the common law. *See Likes,* 962 S.W.2d at 501. In addition, acquiring an interest in land for public use is a governmental function protected by immunity. *See e.g., Leeco Gas & Oil Co. v. Nueces County,* 736 S.W.2d 629, 630 (Tex.1987).

The three acts about which appellees complain all involve decisions about the acquisition of an interest in land and the design of the sewer system including the location of the pipes. These decisions require the exercise of discretionary powers that are governmental in nature. Contrary to appellees' argument, none of the alleged acts involves the physical construction, operation, or maintenance of the sewers.[1] Accordingly, the acts complained of are governmental rather than proprietary and are protected by immunity under the

---

1. Appellees argue that their petition can be read broadly to encompass an allegation of negligence in failing to physically repair the sewer lines at issue. We have reviewed appellees' live pleading and find no such allegation.

common law. We conclude, therefore, the trial court erred in denying the City's plea to the jurisdiction on appellees' claim for negligence.

## IV.

▮ Finally, the City challenges the trial court's denial of its plea to the jurisdiction on appellees' claim for violation of their right to equal protection under the Texas Constitution. In their petition, appellees allege the City denied them equal protection by operating and maintaining sewer lines under the center of their property rather than along the lot's boundaries or in the streets and alleyways as is done with other lots in their subdivision. Appellees claim the placement of the sewer lines and any attendant easement for their maintenance and operation imposes an additional burden on the development of their lot that is not imposed on other residential lots. The City contends that appellees have not alleged a valid equal protection claim and the trial court erred in denying its plea. *See City of Dallas v. Blanton,* 200 S.W.3d 266, 272 (Tex.App.-Dallas 2006, no pet.) (when plaintiff does not allege a valid constitutional claim, governmental immunity applies and trial court should grant plea to the jurisdiction).

▮ The City argues that appellees have not pleaded a valid claim because they have not alleged that a similarly situated group has been treated differently. Appellees respond that the similarly situated group is "all other owners of residential subdivision lots in the City of Dallas"

and the restrictions placed on their property by the location and maintenance of the sewer lines renders them a "class of one" against whom the City is discriminating. An equal protection claim may be asserted by a plaintiff as a "class of one" if he alleges that he has been intentionally treated differently from others similarly situated and there is no rational basis for the difference in treatment. *See Leonard v. Abbott,* 171 S.W.3d 451, 458 (Tex.App.-Austin 2005, pet. denied). The purpose of the equal protection clause is to secure persons against intentional and arbitrary discrimination. *Id.* It is critical, however, that the plaintiff allege he is being treated differently from those whose situation is directly comparable in all material respects.

In defining the similarly situated group in this case as "all other owners of residential subdivision lots in the City of Dallas," appellees have expanded the allegedly comparable group far beyond its relevant description. The significant characteristic of appellees' lot is the location of the underground sewer pipes in the center of the property. As appellees point out, this characteristic differentiates their lot from most others that have sewer pipes located under the boundary lines, streets, and alleyways. The acts by the City directed at appellees are the City's alleged refusal to move the pipes from their current location and the City's act of subjecting the property to an easement that covers approximately 50% of the lot's surface area.[2] Appellees have failed to allege that the City

2. In their petition, appellees claim the City's "placement of its sewer mains in the center of the lot" arbitrarily imposes an additional burden on their property not imposed on other similarly situated lots. · We note that, although the City's engineer supervised the plan and construction of the sewer lines, the subdivision was platted and the improvements were constructed by a private realty company.

*See City of Dallas v. Jones,* No. 05–07–00831–CV, 2008 WL 588997 (Tex.App.-Dallas March 5, 2008, pet. denied) (not designated for publication); *Moser v. Greenland Hills Realty Co.,* 300 S.W. 177, 178 (Tex.Civ.App.-Dallas 1927, writ ref'd). Even if the City were responsible for the original placement of the pipes, this act occurred long before appellees purchased the property and could not constitute an in-

has acted any differently with respect to other landowners who have sewer pipes similarly located on their property. Although appellees claim the City's alleged easement has a greater impact on their lot than the easements generally imposed on other lots, they have not claimed that the alleged easement is larger than necessary or more extensive than ordinarily imposed for the size and location of the pipe. Because appellees have failed to allege they were treated differently from others similarly situated, they have failed to assert a valid claim for equal protection. The trial court erred in denying the City's plea to the jurisdiction with respect to this claim.

Based on the foregoing, we affirm the trial court's order denying the City's plea to the jurisdiction on appellees' request for a declaratory judgment and attorneys' fees. We reverse the trial court's order, however, with respect to appellees' claims for negligence and equal protection and dismiss those claims for lack of jurisdiction.

tentionally discriminatory act directed at them.