# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-13-00473-CV

**Rebecca Terrell, Appellant**

**v.**

**Commissioner of Education Michael L. Williams, Texas Education Agency, and
Pampa Independent School District, Appellees**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 201ST JUDICIAL DISTRICT
### NO. D-1-GN-12-002981, HONORABLE GISELA D. TRIANA, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Rebecca Terrell, acting pro se, appeals the trial court's order granting the pleas to the jurisdiction of appellees Commissioner of Education Michael L. Williams, Texas Education Agency (the Commissioner), and Pampa Independent School District. For the following reasons, we affirm the trial court's order.[1]

## BACKGROUND

Terrell was employed by the School District under a probationary teaching contract during the 2008-2009 school year. In March 2009, the School District's Board of Trustees (the Board) voted to terminate Terrell's teaching contract at the end of its term. In August 2009, Terrell

---

[1] Because the parties are familiar with the facts of the case and its procedural history, we do not recite them in this opinion except as necessary to advise the parties of the Court's decision and the basic reasons for it. *See* Tex. R. App. P. 47.1, 47.4.

presented six grievances to the Board about performance appraisals, student discipline, paid leave, and her termination. After the School District denied the grievances, Terrell appealed to the Commissioner. *See* Tex. Educ. Code § 7.057.

The Commissioner issued his decision on July 2, 2012. The Commissioner granted Terrell's appeal as to appraisal reports but denied or dismissed her other claims. Terrell filed a motion for rehearing in which she claimed, among other arguments, that the Commissioner's fifth finding of fact was not supported by evidence and that the seventeenth finding of fact was wrong. The Commissioner extended the time to take agency action until September 4, 2012, and subsequently issued a decision on motion for rehearing on August 24, 2012. In the August order, the Commissioner changed the date referenced in the fifth finding of fact and changed the reference to "certificate of service" in the July order to "certificate of conference" in the seventeenth finding of fact.

Terrell thereafter filed suit for judicial review of the Commissioner's order pursuant to section 7.057(d) of the Education Code and section 2001.176 of the Government Code. *See id.* § 7.057(d); Tex. Gov't Code § 2001.176. She also sought relief for the Board's alleged violations of her constitutional rights of "impartial tribunal and due process" and "equal protection." *See* U.S. Const. amend. XIV, § 1; Tex. Const. art. I, §§ 3, 19. She contended that the Board violated her due process rights because it was not impartial and that her due process and equal protection rights were violated when the School District "manipulated and tampered with government record" concerning the appraisals and walkthroughs and when it refused to remove students from her classroom. She further sought relief from the School District for breach of contract and a declaratory

2

judgment to construe her rights under her employment contract with the School District. *See* Tex. Civ. Prac. & Rem. Code § 37.004. She asserted that she was underpaid by $3,200 during the 2008-2009 school year.

Appellees filed pleas to the jurisdiction and motions to dismiss. In his plea, the Commissioner contended that the trial court did not have jurisdiction over: (i) Terrell's administrative claims, because she failed to exhaust her administrative remedies; (ii) her declaratory judgment claims, because she sought an impermissible redundant remedy; and (iii) her constitutional claims, because they were not distinct but part of the administrative case and because, even if they were distinct, Terrell was still required to satisfy statutory prerequisites to suit and failed to do so. In its plea and briefing to the trial court, the School District raised similar arguments.

After a hearing, the trial court granted appellees' pleas to the jurisdiction. The trial court also entered findings of fact and conclusions of law. This appeal followed.

## ANALYSIS

Terrell raises eleven issues on appeal. Her first six issues address her alleged failure to exhaust her administrative remedies, her next three issues address the trial court's jurisdiction to consider her constitutional, breach of contract, and declaratory claims, and her two remaining issues challenge the trial court's findings of fact and conclusions of law and request that special costs be imposed on appellees.

3

**Standard of Review**

Terrell challenges the trial court's order granting appellees' pleas to the jurisdiction. We review a plea questioning the trial court's subject matter jurisdiction de novo. *See Texas Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). We focus first on the plaintiff's petition to determine whether the facts that were pled affirmatively demonstrate that subject matter jurisdiction exists. *Id*. We construe the pleadings liberally in favor of the plaintiff. *Id*. If a plea to the jurisdiction challenges the existence of jurisdictional facts, the trial court may consider evidence and must do so when necessary to resolve the jurisdictional issues raised. *Id*. at 227; *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 555 (Tex. 2000).

Sovereign immunity from suit deprives a court of subject matter jurisdiction and is therefore properly asserted in a plea to the jurisdiction. *Harris Cnty. v. Sykes*, 136 S.W.3d 635, 638 (Tex. 2004); *Miranda*, 133 S.W.3d at 225–26. Governmental immunity affords political subdivisions the same protection afforded the state by sovereign immunity. *Rolling Plains Groundwater Conservation Dist. v. City of Aspermont*, 353 S.W.3d 756, 759 n.4 (Tex. 2011) (per curiam); *Ben Bolt-Palito Blanco Consol. Indep. Sch. Dist. v. Texas Political Subdivisions Prop./Cas. Joint Self-Ins. Fund*, 212 S.W.3d 320, 324 (Tex. 2006). Immunity from suit deprives a trial court of subject matter jurisdiction unless the legislature has expressly consented to the suit. *City of Dallas v. Albert*, 354 S.W.3d 368, 373 (Tex. 2011).

Terrell also challenges the trial court's findings of fact and conclusions of law. A trial court's findings of fact are subject to review for legal and factual sufficiency of the evidence by the same standards applied to a jury verdict. *Ortiz v. Jones*, 917 S.W.2d 770, 772 (Tex. 1996); *see City*

*of Keller v. Wilson*, 168 S.W.3d 802, 822 (Tex. 2005) (describing review of evidence under legal and factual sufficiency standards of review). We review a trial court's conclusions of law de novo and will uphold the conclusions if the judgment can be sustained on any legal theory supported by the evidence. *BMC Software Belg., N.V. v. Marchand*, 83 S.W.3d 789, 794 (Tex. 2002).

**Administrative Appeal**

In her first six issues, Terrell contends that the trial court had jurisdiction over her administrative claims because she exhausted her administrative remedies. According to Terrell, (1) she was not required to file a second motion for rehearing because the Commissioner's order dated August 24, 2012, was a nunc pro tunc order; (2) clerical corrections do not require administrative exhaustion and such a requirement would violate her constitutional rights; (3) section 2001.145(a) of the Government Code and a subsequent order by the Commissioner do not require a second motion for rehearing; (4) the Commissioner's final order was the July order, and the trial court "erred in assuming that legal basis of July Order was modified or changed in August Order"; (5) the Commissioner's August order overruled her motion for rehearing or, alternatively, it was overruled when the Commissioner's plenary power expired; and (6) the Commissioner and the School District "failed to carry their burden" of showing that the changes in the August order changed the legal basis of the July order.

Among the requirements for exhausting administrative remedies, a timely motion for rehearing generally is a prerequisite for an appeal from a decision by the Commissioner. *See* Tex. Gov't Code § 2001.145(a); 19 Tex. Admin. Code § 157.1061(a) (Tex. Educ. Agency, Motions for Rehearing); *see also* Tex. Gov't Code § 2001.171; *In re Southwestern Bell Tel. Co.*,

5

235 S.W.3d 619, 625 (Tex. 2007) (orig. proceeding) ("If an agency has exclusive jurisdiction to resolve a dispute, a party must first exhaust administrative remedies before a trial court has subject matter jurisdiction."); *Lazarides v. Farris*, 367 S.W.3d 788, 798 (Tex. App.—Houston [14th Dist.] 2012, no pet.) ("The requirement of administrative exhaustion compels a party to 'pursue all available remedies within the administrative process before seeking judicial relief.'" (quoting *Larry Koch, Inc. v. Texas Natural Res. Conservation Comm'n*, 52 S.W.3d 833, 839 (Tex. App.—Austin 2001, pet. denied))).

Terrell focuses on the nature of the modifications to the August order to support her position that the order was a nunc pro tunc order that did not require her to file a further motion for rehearing. *See* Tex. R. Civ. P. 316 (allowing nunc pro tunc judgments to correct clerical errors in judgments), 329b(f) (allowing nunc pro tunc judgments after plenary power expires); *Willow Vista Estates Homeowners Ass'n v. Haight*, No. 02-12-00432-CV, 2013 Tex. App. LEXIS 10629, at *3–6 (Tex. App.—Fort Worth Aug. 22, 2013, no pet.) (mem. op.) (describing nunc pro tunc judgments). According to Terrell, the modifications to the August order were clerical corrections and thus did not require her to file a further motion for rehearing to exhaust her administrative remedies.

To support her position, Terrell cites *Anadarko E&P Co. v. Railroad Commission*, No. 03-04-00027-CV, 2009 WL 47112 (Tex. App.—Austin Jan. 7, 2009, no pet.) (mem. op.). In that case, this Court applied the supreme court's "'more pragmatic and flexible approach' to evaluate the finality of an agency's order" to conclude that a second motion for rehearing was not required. *Id*. at *10 (quoting *Texas-New Mexico Power Co. v. Texas Indus. Energy Consumers*, 806 S.W.2d 230, 232 (Tex. 1991)). Unlike here, however, the Railroad Commission denied the

6

original motion for rehearing and no longer had jurisdiction to act on the matter when it issued a nunc pro tunc order. *See id.* at *3. In contrast to the facts of that case, the Commissioner here modified his order in August at a time when he had jurisdiction to act on the matter and in response to points raised in Terrell's motion for rehearing. Thus, we find the procedural posture of *Anadarko* distinguishable.

Further, this Court has held that a petitioner must file a new motion for rehearing when the agency modifies its order in response to a motion for rehearing, regardless of the nature of the modifications. *See Cisneros v. State Bd. for Educator Certification*, No. 03-05-00657-CV, 2006 Tex. App. LEXIS 11125, at *10 (Tex. App.—Austin Dec. 29, 2006, no pet.) (mem. op.) ("This Court has addressed this issue at least twice and both times held that the petitioner was statutorily required to file a second motion for rehearing following the agency's modified order."); *see also Ector Cnty. Comm'rs Court v. Central Educ. Agency*, 786 S.W.2d 449, 450–51 (Tex. App.—Austin 1990, writ denied) (rejecting argument that no new motion for rehearing required because orders "reached the same result" and explaining that "finality of an order does not turn on whether the changes reflected in such a new order are of a substantial or minor nature"); *Southern Union Gas Co. v. Railroad Comm'n*, 690 S.W.2d 946, 948 (Tex. App.—Austin 1985, writ ref'd n.r.e.) (requiring new motion for rehearing and concluding that order "cannot be final and appealable when of fact it has been changed by a subsequent order").

7

Guided by the analysis and holding by this Court in *Cisneros*, we conclude that Terrell failed to exhaust her administrative remedies by failing to file a motion for rehearing of the August order and overrule her first six issues on this basis. *See* 2006 Tex. App. LEXIS 11125, at *10.

**Constitutional Claims**

In her seventh issue, Terrell contends that the trial court had jurisdiction over her "impartial tribunal claim and other constitutional claims" because they were distinct and independent of her administrative appeal. She claims that her rights of "due process, liberty interest, and equal protection" were violated "regarding her performance appraisals and walkthroughs, and her legal right to remove students" from her classroom. *See* U.S. Const. amend. XIV, § 1; Tex. Const. art. I, §§ 3, 19; *see also* Tex. Educ. Code §§ 21.351 (addressing recommended appraisal process and performance criteria of teachers), 37.002 (describing when teacher may remove student from classroom).

Appellees counter that Terrell's purported constitutional claims were not distinct from but rather part of her administrative case and that, in any case, Terrell was required to satisfy statutory prerequisites for suit and she failed to do so. Because it is dispositive, however, we limit our review to the substance of Terrell's constitutional claims to determine if Terrell has pleaded valid claims. *See City of Dallas v. Jones*, 331 S.W.3d 781, 787 (Tex. App.—Dallas 2010, pet. dism'd); *see also Andrade v. v. NAACP of Austin*, 345 S.W.3d 1, 11 (Tex. 2011) (considering substance of constitutional claim in reviewing plea to jurisdiction and noting that immunity was retained unless "viable claim" pleaded); *Miranda*, 133 S.W.3d at 226 (reviewing grant of plea to jurisdiction de

8

novo and considering whether facts that were pled affirmatively demonstrated that subject matter jurisdiction exists).

"To assert an equal protection claim, the plaintiff must establish that: (1) he or she was treated differently than other similarly situated parties; and (2) he or she was treated differently without a reasonable basis." *See Price v. Texas Alcoholic Beverage Comm'n*, No. 01-12-01164-CV, 2014 Tex. App. LEXIS 7495, at *11 (Tex. App.—Houston [1st Dist.] July 10, 2014, pet. denied) (mem. op.). "The situations and conduct of the employees in question must be 'nearly identical.'" *AutoZone, Inc. v. Reyes*, 272 S.W.3d 588, 594 (Tex. 2008) (citation omitted); *see Ysleta Indep. Sch. Dist. v. Monarrez*, 177 S.W.3d 915, 917 (Tex. 2005) ("Employees are similarly situated if their circumstances are comparable in all material respects, including similar standards, supervisors, and conduct."); *Jones*, 331 S.W.3d at 787 (requiring plaintiff to allege "he is being treated differently from those whose situation is directly comparable in all material aspects" to plead a "valid equal protection claim"). Terrell has not alleged or identified a similarly situated person who was treated differently than she was by the School District concerning the performance appraisals or the removal of students from classrooms. Thus, she did not allege a valid equal protection claim. *See Jones*, 331 S.W.3d at 787.

Terrell also failed to allege valid due process claims based on impartiality of the Board, the performance appraisals, or the removal of students from her classroom. Due process concerns arise "when the state or its agents deprive a person of a protected liberty or property interest." *McMaster v. Public Util. Comm'n*, No. 03-11-00571-CV, 2012 Tex. App. LEXIS 7502, at *21 (Tex. App.—Austin Aug. 31, 2012, no pet.) (mem. op.); *see* U.S. Const. amend. XIV, § 1;

9

Tex. Const. art. I, § 19. To bring a valid due process claim, a plaintiff must assert a protected liberty or property interest. *See Concerned Cmty. Involved Dev., Inc. v. City of Houston*, 209 S.W.3d 666, 671 (Tex. App.—Houston [14th Dist.] 2006, pet. denied) ("The Due Process Clause is only activated when there is some substantial liberty or property interest which is deserving of procedural protections.").

Terrell has failed to identify a protected liberty or property interest that would entitle her to more process than she received administratively concerning her complaints about the Board's alleged impartiality, the performance appraisals, and the removal of students from her classroom. *See University of Tex. Med. Sch. v. Than*, 901 S.W.2d 926, 930 (Tex. 1995) ("What process is due is measured by a flexible standard that depends on the practical requirements of the circumstances."); *State v. Crank*, 666 S.W.2d 91, 94 (Tex. 1984) ("[T]he ultimate test of due process of law in an administrative hearing is the presence of rudiments of fair play long known to our law."). Terrell was afforded the opportunity to present grievances as to her complaints, and the Commissioner considered the grievances as part of Terrell's administrative appeal.

Terrell also does not have a protected property interest in continued employment with the School District based on her probationary teaching contract. *See* Tex. Educ. Code § 21.204(e) ("A teacher does not have a property interest in a contract beyond its term."); *see also id*. § 21.102 (addressing probationary contracts); *Ramirez v. Red Oak Indep. Sch. Dist.*, No. 03-01-00154-CV, 2001 Tex. App. LEXIS 6645, at *6 n.3 (Tex. App.—Austin Oct. 4, 2001, no pet.) (mem. op.) (noting that "teachers have no constitutionally protected property interest in a probationary position"). Her probationary contract expired at the end of the 2008-2009 school year, the Board determined that it

10

was in the School District's best interest to terminate Terrell's employment, and the Board provided timely notice to Terrell of its decision. *See* Tex. Educ. Code § 21.103(a) (authorizing school district's board to terminate teacher's employment at end of probationary contract's term if "in the board's judgment the best interests of the district will be served").[2] Further, the Board's decision was final and not appealable. *See id*. Thus, Terrell did not allege a valid due process claim. *See Jones*, 331 S.W.3d at 787. Because we have concluded that Terrell did not allege valid constitutional claims, we overrule her seventh issue.

**Breach of Contract Claim**

In her eighth issue, Terrell contends that the trial court had jurisdiction over her breach of contract claim and that the trial court should have allowed additional evidence. She asserts that she was underpaid by $3,200 during the 2008-2009 school year and that she was not allowed adequate time to present this complaint at the local level.

---

[2] In 2009, section 21.103(a) of the Education Code stated:

> The board of trustees of a school district may terminate the employment of a teacher employed under a probationary contract at the end of the contract period if in the board's judgment the best interests of the district will be served by terminating the employment. The board of trustees must give notice of its decision to terminate the employment to the teacher not later than the 45th day before the last day of instruction required under the contract. The board's decision is final and may not be appealed.

Act of May 30, 1999, 76th Leg., R.S., ch. 396, § 2.05, 1999 Tex. Gen. Laws 2471, 2491 (current version at Tex. Educ. Code § 21.103(a)). Terrell does not contend that she received untimely notice of the Board's decision.

11

Appellees respond that Terrell has not exhausted her administrative remedies as to her breach of contract claim because she failed to raise the claim of underpayment before the Board or the Commissioner. *See* Tex. Educ. Code § 7.057 (authorizing appeals to Commissioner if actions of school district board violate "provision of a written employment contract between the school district and a school district employee, if a violation causes or would cause monetary harm to the employee"); *In re Southwestern Bell Tel. Co.*, 235 S.W.3d at 625 (requiring party to first exhaust administrative remedies before trial court has subject matter jurisdiction); *Lazarides*, 367 S.W.3d at 798 (same); *North E. Indep. Sch. Dist. v. Kelley*, 277 S.W.3d 442, 444–45 (Tex. App.—San Antonio 2008, no pet.) (concluding trial court did not have jurisdiction to consider teacher's breach of contract claim); *see also Davison v. Plano Indep. Sch. Dist.*, No. 05-12-01308-CV, 2014 Tex. App. LEXIS 2007, at *15–20 (Tex. App.—Dallas Feb. 20, 2014, no pet.) (mem. op.) (concluding that trial court properly granted plea as to teacher's breach of contract claims based on failure to exhaust administrative remedies). Because Terrell had an administrative avenue for addressing her complaint of underpayment during the school year, we agree with appellees that she has failed to exhaust her administrative remedies as to this claim. On this basis, we overrule Terrell's eighth issue.

**Declaratory Judgment Claims**

In her ninth issue, Terrell contends that the trial court had jurisdiction over her declaratory judgment claims. In her pleadings, Terrell sought a declaratory judgment "construing her rights under her employment contract with defendant PISD, declaring her legal rights, and

12

awarding reasonable and necessary attorneys' fees." *See* Tex. Civ. Prac. & Rem. Code §§ 37.001–.011 (UDJA).

To establish a trial court's subject matter jurisdiction to grant relief under the UDJA, "a party must plead the existence of an 'underlying controversy' within the scope of section 37.004 of the civil practice and remedies code." *Strayhorn v. Raytheon E-Sys., Inc.*, 101 S.W.3d 558, 572 (Tex. App.—Austin 2003, pet. denied); *see* Tex. Civ. Prac. & Rem. Code § 37.004(a) (addressing subject matter of relief). The UDJA, however, "does not enlarge a trial court's jurisdiction, and a litigant's request for declaratory relief does not alter a suit's underlying nature." *City of El Paso v. Heinrich*, 284 S.W.3d 366, 370–71 (Tex. 2009). Further, "[w]hen a statute provides an avenue for attacking an agency order, a declaratory-judgment action will not lie to provide redundant remedies." *Poole v. Karnack Indep. Sch. Dist.*, 344 S.W.3d 440, 445 (Tex. App.—Austin 2011, no pet.) (citing *Raytheon E-Sys., Inc.*, 101 S.W.3d at 572).

On appeal, Terrell contends that her declaratory judgment action is "not an impermissible redundant remedy as to the Commissioner" because she "can obtain more specific and equitable remedies under [her] declaratory judgment action." She focuses on the claims for declaratory judgment as to the performance appraisals, ethics complaints that she made against educators of the School District, and her right to remove students. As stated above, Terrell brought grievances about the performance appraisals, the removal of students from her classroom, and other alleged violations of the Education Code by the School District and its employees in the administrative proceeding, and Terrell had an avenue for attacking the Commissioner's order from that proceeding. *See* Tex. Educ. Code § 7.057; *Poole*, 344 S.W.3d at 445; *Kelley*, 277 S.W.3d at 445

13

(concluding trial court did not have jurisdiction to consider teacher's declaratory judgment claims). She further has failed to establish an "underlying controversy" within the scope of section 37.004 of the UDJA as to ethics complaints that she made. *See* Tex. Civ. Prac. & Rem. Code § 37.004; *Raytheon E-Sys., Inc*, 101 S.W.3d at 572. We overrule Terrell's ninth issue.

**Findings of Fact and Conclusions of Law**

In her tenth issue, Terrell contends that the trial court's findings of fact and conclusions of law are erroneous and lack support in law or fact and that the trial court erred when it did not enter additional or amended findings of fact and conclusions of law. *See* Tex. R. Civ. P. 296, 298. Terrell specifically challenges findings of fact 4, 5, 6, 9, 12, 13, and 14 and conclusions of law 1, 3, 5 and 7. These findings and conclusions correlate with Terrell's issues that we have already addressed and overruled. For the reasons stated above as to the other issues, we overrule Terrell's tenth issue. *See BMC Software Belg., N.V.*, 83 S.W.3d at 794.

**Special Costs**

In her eleventh issue, Terrell contends that "special costs" should be imposed against appellees based on alleged improper conduct by appellees and Terrell's characterization of appellees' pleas as frivolous. She, however, has failed to cite any authority to support an award of special costs. *See* Tex. R. App. P. 38.1(i). Further, we have concluded that the trial court properly granted appellees' pleas to the jurisdiction. We overrule Terrell's eleventh issue.

**CONCLUSION**

For these reasons, we affirm the trial court's order granting appellees' pleas to the jurisdiction.[3]

_____

Melissa Goodwin, Justice

Before Chief Justice Rose, Justices Goodwin and Bourland

Affirmed

Filed: May 21, 2015

---

[3] In her reply brief, Terrell requests that we strike the School District's entire brief because it references a "phantom record." We deny this request. The School District's brief conforms with Rule 38.2 of the Rules of Appellate Procedure. *See* Tex. R. App. P. 38.2 (addressing requirements of appellee's brief).