**Reversed and Rendered and Memorandum Opinion filed May 4, 2021.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-20-00116-CV

---

## FIVE CORNERS IMPROVEMENT DISTRICT, Appellant

### V.

## JKO ENTERPRISES, LLC, Appellee

---

**On Appeal from the 133rd District Court**
**Harris County, Texas**
**Trial Court Cause No. 2017-28556**

---

## MEMORANDUM OPINION

In this interlocutory appeal from an order denying summary judgment on jurisdictional grounds, the question presented is whether JKO Enterprises, LLC affirmatively demonstrated that the trial court had jurisdiction by establishing that the Five Corners Improvement District had waived its governmental immunity. Because we conclude that JKO failed to satisfy its burden, we reverse the trial court's order and render judgment dismissing JKO's counterclaims.

## BACKGROUND

This case began when Harris County filed an original petition against JKO Enterprises, LLC, alleging that JKO was liable for several thousand dollars in delinquent ad valorem taxes. Harris County filed that petition on behalf of itself and several other county-wide taxing authorities. Additional taxing authorities with smaller jurisdictions, including the Five Corners Improvement District, were notified that they might also have claims against JKO.

The District intervened in Harris County's suit, claiming that JKO was also liable for several hundred dollars in delinquent assessments. JKO filed an answer, generally denying all claims.

During the discovery period, JKO learned that the District had previously exercised its statutory authority to exclude certain properties that were once within its jurisdiction and to retroactively waive all assessments against those properties. JKO submitted a letter to the District requesting that its property receive the same treatment as the excluded properties. The District responded that a hearing is a prerequisite to an exclusion, and that the District will decide at a future meeting of its board of directors whether a hearing is merited.

The District's board of directors met one month later. The meeting was open to the public, but JKO did not attend. The board was advised by its counsel that a hearing on a request for exclusion is mandatory when the request satisfies a certain statutory requirement, but that JKO's request did not fulfill that requirement. The board was further advised that it had the discretion to call for a hearing, even without a statutorily compliant request, if the board determined that the requested exclusion would be practicable, just, or desirable. The board declined to exercise that discretion in JKO's case.

After learning that the District had decided to take no action on its request for exclusion, JKO filed counterclaims in the still-pending litigation, alleging that the District had violated JKO's constitutional rights to equal protection and due process. In its live pleading, JKO sought a judgment excluding its property from the District and a cancellation of all of the District's assessments.

The District moved for summary judgment on jurisdictional grounds, arguing that it was shielded by governmental immunity and that JKO had failed to establish a valid waiver of that immunity. The trial court denied the District's motion, and now the District challenges that ruling in this interlocutory appeal.

## ANALYSIS

Before we address the parties' appellate arguments, we briefly discuss the origin of the District, because that origin explains the legal basis for the District's claim of governmental immunity.

In 2007, the Texas Legislature created the Harris County Improvement District No. 10 with the express purpose of promoting, developing, encouraging, and maintaining employment, commerce, transportation, parking, housing, recreation, the arts, safety, and the public welfare in the area of the district. *See* Tex. Spec. Dists. Code § 3860.003(b). That district was subsequently divided into two districts by order of its board of directors. *See* Tex. Spec. Dists. Code § 3860.111(b) ("Not later than the 60th day after the effective date of the Act creating this chapter, the board shall adopt an order dividing the district into two districts."). The second district became known as the Harris County Improvement District No. 10B, which the Legislature renamed in 2009 as the Five Corners Improvement District. *See* Act effective June 19, 2009, 81st Leg., R.S., ch. 1091, § 2, 2009 Tex. Gen. Laws 2867, 2867.

3

The District has all of the powers of the original district, including the power to impose and collect assessments. *See* Tex. Spec. Dists. Code §§ 3860.111(f), 3860.204(a). The District is also subject to Chapter 375 of the Local Government Code, which generally applies to municipal management districts. *See* Tex. Spec. Dists. Code § 3860.006.

Under Chapter 375, the District is considered a political subdivision of the state. *See* Tex. Loc. Gov't Code § 375.004(a). And as a political subdivision, the District shares in the state's sovereign immunity, though the District's immunity is known as governmental immunity. *See City of Houston v. Williams*, 353 S.W.3d 128, 134 (Tex. 2011) ("When performing governmental functions, political subdivisions derive governmental immunity from the state's sovereign immunity."). Because of this governmental immunity, the District remains immune from suit and the trial court lacks jurisdiction over claims against it, absent a valid waiver of that immunity. *See Tex. Dep't of Transp. v. Jones*, 8 S.W.3d 636, 639 (Tex. 1999) (per curiam).

As the counter-plaintiff below, JKO had the burden of affirmatively demonstrating that the trial court had jurisdiction over the claims against the District. *See Town of Shady Shores v. Swanson*, 590 S.W.3d 544, 550 (Tex. 2019). This burden necessarily included the burden of establishing that the District's governmental immunity had been waived. *Id.* JKO contends that it satisfied this burden because it pleaded for equitable remedies arising out of constitutional violations, for which the District is not immune.

JKO correctly observes that governmental immunity does not deprive a trial court of jurisdiction over constitutional claims for equitable relief. *See City of Elsa v. M.A.L.*, 226 S.W.3d 390, 392 (Tex. 2007) (per curiam). But to affirmatively demonstrate the trial court's jurisdiction, JKO had to do more than simply invoke

the Constitution. *See Dir. of Dep't of Agric. & Env't v. Printing Indus. Ass'n of Tex.*, 600 S.W.2d 264, 265 (Tex. 1980) (rejecting the lower court's conclusion that a plaintiff need only plead a generic invasion of rights to maintain a suit against a governmental defendant). JKO had to establish that its constitutional claims were also viable. *See Andrade v. NAACP of Austin*, 345 S.W.3d 1, 11 (Tex. 2011).

JKO asserted a combined cause of action for "Equal Protection and Due Process." Though this label mentions two separate constitutional rights, JKO's pleadings and briefing contain no references to either procedural or substantive due process. Instead, they focus exclusively on equal protection. We limit our review accordingly. *See Odutayo v. City of Houston*, No. 01-12-00132-CV, 2013 WL 1718334, at *4 (Tex. App.—Houston [1st Dist.] Apr. 18, 2013, no pet.) (mem. op.) (concluding that the plaintiff had not established a viable due process claim against a governmental defendant where the plaintiff "failed to plead what specific property right or liberty interest she had been deprived of, or what procedure she is entitled to").

To assert a viable equal protection claim, JKO had to demonstrate that it was treated differently than other similarly situated parties without a reasonable basis. *See Mayhew v. Town of Sunnyvale*, 964 S.W.2d 922, 939 (Tex. 1998).

The District challenged whether JKO had satisfied this burden in its motion for summary judgment. Such motions are one means of challenging the trial court's jurisdiction over a claim. *See Thomas v. Long*, 207 S.W.3d 334, 339 (Tex. 2006). When as here the motion challenges the existence of jurisdictional facts, we consider relevant evidence submitted by the parties. *See Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 227 (Tex. 2004). If the evidence raises a fact question regarding the jurisdictional issue, then we cannot decide the jurisdictional issue ourselves and the case must be allowed to proceed so that the fact issue can be

resolved by the finder of fact. *Id.* at 227–28. However, if the relevant evidence is undisputed or fails to raise a genuine issue of material fact, then we can rule on the jurisdictional issue as a matter of law. *Id.* at 228. Our review of the trial court's ruling is de novo. *Id.*

In support of its equal protection claim, JKO produced evidence that the District had previously excluded other properties from its jurisdiction. The evidence showed that the District agreed to these exclusions in order to settle two separate legal proceedings.

The first proceeding was initiated by Casco Hauling & Excavating, Inc., and the second proceeding was initiated by 2JM Land & Cattle Company, LLC. In each proceeding, there were more than a dozen additional plaintiffs, and when combined, they represented more than a hundred different properties within the District's jurisdiction.

Both of those proceedings began as challenges to the District's adoption of an assessment. The parties brought administrative appeals first, and after receiving adverse decisions there, they then pursued judicial contests in the trial court.

The Casco suit settled early in the proceedings, whereas the 2JM suit proceeded to a full trial by jury. The jury in that case returned findings against the District, and based on those findings, the trial court rendered a final judgment declaring the District's assessment void. The District appealed the trial court's judgment to our court, but shortly before the appeal submitted, the parties reached a settlement. We dismissed the appeal without ever addressing the merits of the District's appellate arguments.

Pursuant to each settlement, the District executed an order excluding the plaintiffs' properties from its jurisdiction. The order in the Casco suit contains a

6

recital stating that the District agreed to the exclusion because it "would avoid the costs of the existing appeals and litigation, potential further contests and litigation and the direct and indirect costs associated with landowners who are not supportive of the District." The order in the 2JM suit contains a similar recital stating that the District agreed to the exclusion because "settlement of the appeal is in the best interests of the District as avoiding significant expense and delay." Both orders were publicly recorded with the county clerk.

The District now argues that JKO has failed to state a viable equal protection claim because JKO has not shown that it is similarly situated to the Casco and 2JM plaintiffs and because JKO has not negated a rational basis for its differential treatment. We agree.

JKO is not similarly situated to the Casco and 2JM plaintiffs because their cases proceeded on different grounds and exposed the District to different risks. JKO filed its suit to challenge the District's refusal to take action on its request for exclusion, whereas the Casco and 2JM plaintiffs filed their suits to challenge the District's adoption of an assessment. There is no statutory procedure for appealing the District's exclusion decisions, but there is a statutory procedure for appealing the District's adoption of an assessment. *See* Tex. Loc. Gov't Code § 375.123(a)–(b) (an administrative appeal must be filed no later than thirty days after the assessment is adopted, and the judicial contest must be filed no later than thirty days after the administrative appeal is decided). The Casco and 2JM plaintiffs timely followed that procedure, which meant that they had the statutory right to engage the District in litigation. By contrast, JKO never exercised that same procedure, and because the time for doing so has long since passed, JKO has lost the right to appeal the assessment. *See* Tex. Loc. Gov't Code § 375.123(c) (failure to follow the two-step appeal procedure "results in a loss of the right to appeal the assessment").

7

The District had a rational basis for offering exclusions as a term of settlement with the Casco and 2JM plaintiffs because their litigation had the potential for being protracted and costly. And with the 2JM case in particular, the District had a rational basis for agreeing to the exclusions because the District faced the riskier potential of an adverse appellate decision. *See Transport Ins. Co. v. Faircloth*, 898 S.W.2d 269, 280 (Tex. 1995) ("Public policy favors the amicable settlement of controversies.").

The District does not face the same risk of protracted and costly litigation with JKO because there is no comparable statutory procedure for appealing the exclusion decision that JKO has challenged. Even though litigation has actually resulted with the filing of JKO's counterclaim, that counterclaim cannot continue under the current posture unless JKO demonstrated a viable equal protection claim, and JKO has failed to make the initial showing that it is similarly situated to a party who received differential treatment. JKO has not pleaded or produced any evidence that the District has granted an exclusion to another party who, like JKO, did not also have a contemporaneous challenge to the adoption of an assessment. *See City of Dallas v. Jones*, 331 S.W.3d 781, 787–88 (Tex. App.—Dallas 2010, pet. dism'd) (holding that the plaintiffs had failed to establish a waiver of the defendant's governmental immunity where the plaintiffs did not demonstrate that the defendant had acted differently with respect to any other similarly situated person).

JKO responds with several points, arguing first that its counterclaim should be allowed to proceed because its case is "identical" to *Spring Branch Management District v. Valco Instruments Co.*, No. 01-11-00164-CV, 2012 WL 2923151 (Tex. App.—Houston [1st Dist.] July 12, 2012, no pet.) (mem. op.). That case is factually similar insofar as a property owner challenged the denial of its request for exclusion after the municipal management district granted other requests for exclusion. *Id.* at *1. However, that case has no legal application here because the appellate court

declined to address whether the property owner had asserted a viable equal protection claim. *Id.* at \*9–11.

In another point, JKO asserts that the District continues to provide services and street improvements along the properties that were excluded in the Casco and 2JM settlements. Even if we assumed for the sake of argument that this assertion were true, JKO does not explain how this fact affirmatively demonstrates the trial court's jurisdiction. JKO's equal protection claim is based on the District's disparate treatment with exclusions, not with services and street improvements. Besides, the District is specifically empowered to provide services that benefit property in the district, "regardless of whether the improvements or services are located inside or outside its boundaries." *See* Tex. Loc. Gov't Code § 375.092(f).

In one last point, JKO seems to challenge certain terms in the 2JM settlement that restrict the rights of the 2JM plaintiffs to participate in the political process. But JKO has no standing to make that challenge, and its argument does not otherwise negate the District's rational basis for agreeing to the exclusion as a term of the settlement.

Based on the foregoing, we conclude that JKO has failed to establish that its equal protection claim is viable.

## CONCLUSION

The trial court's order is reversed and judgment is rendered dismissing JKO's counterclaims against the District for want of jurisdiction.


/s/    Tracy Christopher
Chief Justice


Panel consists of Chief Justice Christopher and Justices Jewell and Poissant.