# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-10-00020-CV

**Brenda Poole, Appellant**

**v.**

**Karnack Independent School District and the Texas Commissioner of Education, Appellees**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 126TH JUDICIAL DISTRICT
### NO. D-1-GN-06-000653, HONORABLE GISELA D. TRIANA-DOYAL, JUDGE PRESIDING

## O P I N I O N

Appellant Brenda Poole appeals from the trial court's judgment affirming a decision of the Texas Commissioner of Education ("the Commissioner"). The Commissioner upheld the decision of Karnack Independent School District ("the District") to dismiss Poole's request for assault leave on the basis that her request was untimely. *See* Tex. Educ. Code Ann. § 22.003(b) (West Supp. 2010) (providing for leave when employee of school district is physically assaulted during performance of regular duties). We affirm the judgment of the trial court.

## BACKGROUND

On September 25, 2001, Poole was injured in the course of her employment as a public school teacher when a student opened the metal door to a restroom stall while Poole was inside. The door struck Poole in the head, causing injury. Poole alleges that the incident constituted an assault.

As a result of her head injury, Poole was unable to return to work and received workers' compensation benefits. On September 15, 2003, almost two years after the incident, Poole requested assault leave under section 22.003(b) of the education code.[1] *See id.* Section 22.003(b) provides, in relevant part:

> [A]n employee of a school district who is physically assaulted during the performance of the employee's regular duties is entitled to the number of days of leave necessary to recuperate from all physical injuries sustained as a result of the assault. At the request of an employee, the school district must immediately assign an employee to assault leave and, on investigation of the claim, may change the assault leave status and charge the leave against the employee's accrued personal leave .... The period provided by this subsection may not extend more than two years beyond the date of the assault.

*Id.*

To explain the delay between the injury and her request for assault leave, Poole contends that she was unaware of the availability of assault leave until August 22, 2003. On that date, Poole called the office of the superintendent, requesting information about assault leave and copies of the District's grievance policy. The District then forwarded Poole a standard Level 1 grievance form, along with copies of the District's leave and grievance policies, which she received on August 29, 2003. Poole used the Level 1 grievance form supplied by the District to request assault leave, submitting it to the school principal as required by the grievance policy.

---

[1] Poole argues that her grievance should have been deemed filed on September 11, 2003, the date of mailing. *See* Tex. R. Civ. P. 21a (providing that service by mail is deemed complete on date of mailing). We express no opinion on this issue, as it is irrelevant to our disposition of this appeal.

The principal denied Poole's request for assault leave on the grounds that her Level 1 grievance was not filed within 15 days of the date Poole "first knew or should have known of the event" about which she was complaining, as required by the District's grievance policy. Poole then appealed the principal's decision by filing a Level 2 grievance with the District superintendent. The superintendent also denied Poole's complaint as untimely, explaining in a letter of decision that the grievance policy required Poole's complaint to have been filed within 15 days of the alleged assault in order to be considered timely. Poole subsequently filed a Level 3 grievance, appealing the superintendent's decision to the board of trustees. The board upheld the superintendent's decision on the ground that Poole's original grievance was untimely filed.

After exhausting the District's grievance process, Poole appealed to the Commissioner. *See id.* § 7.057(a) (West Supp. 2010) (allowing appeal to Commissioner when person is aggrieved by actions or decisions of school district board of trustees). The Commissioner concluded that the District's decision to dismiss Poole's grievance on the basis of untimely filing was supported by substantial evidence. In affirming the District's decision, the Commissioner determined that Poole failed to file her grievance within 15 days of either the date of the alleged assault or the date she first received information from the District regarding the availability of assault leave. The Commissioner further concluded that even if the 15-day deadline imposed by the District's grievance policy did not apply to assault leave, Poole's request for assault leave was untimely because she failed to submit her request within a reasonable amount of time after the alleged assault.

3

Poole subsequently filed a suit for judicial review of the Commissioner's decision in Travis County district court. *See id.* § 7.057(d). She also sought a declaratory judgment that she was entitled to assault leave. *See* Tex. Civ. Prac. & Rem. Code Ann. § 37.004 (West 2008). The trial court affirmed the Commissioner's decision, concluding that it was supported by substantial evidence, and dismissed Poole's request for declaratory relief as an improper redundant remedy.

Poole now appeals the trial court's judgment, asserting in two issues that the trial court erred both in upholding the Commissioner's decision and in denying her request for declaratory relief.

**STANDARD OF REVIEW**

Because the education code does not expressly define the scope of judicial review of Commissioner decisions, the substantial-evidence standard applies. *See* Tex. Gov't Code Ann. § 2001.174 (West 2008); *see also* Tex. Educ. Code Ann. § 7.057(d); *Griffin v. Nelson*, No. 03-01-00323-CV, 2002 Tex. App. LEXIS 1133, at *3-4 (Tex. App.—Austin 2002, no pet.) (not designated for publication). Under this standard, we presume that the Commissioner's order is supported by substantial evidence, and Poole has the burden of proving otherwise. *See Texas Health Facilities Comm'n v. Charter Medical-Dallas, Inc.*, 665 S.W.2d 446, 453 (Tex. 1984). An agency decision is supported by substantial evidence if reasonable minds could have reached the same conclusion. *Texas State Bd. of Dental Exam'rs v. Sizemore*, 759 S.W.2d 114, 116 (Tex. 1988). Although substantial evidence is more than a mere scintilla, the evidence in the record may preponderate against the agency decision and still amount to substantial evidence. *Charter Medical-Dallas*, 665 S.W.2d at 452. The Commissioner's interpretation of the education code provision governing

assault leave merits serious consideration if it is reasonable and does not contradict the plain language of the statute. *See Dodd v. Meno*, 870 S.W.2d 4, 7 (Tex. 1994).

**DISCUSSION**

In her first issue on appeal, Poole argues that the trial court erred in upholding the Commissioner's decision to dismiss her request for assault leave as untimely. The Commissioner determined that Poole's request was untimely because it was not filed within the 15-day deadline imposed by the District's grievance policy, and that even if the 15-day deadline was inapplicable, Poole's request was untimely because she failed to request assault leave within a reasonable time after the alleged assault. We may uphold the agency decision on any legal basis shown in the record. *See Charter Medical-Dallas, Inc.*, 665 S.W.2d at 452; *Railroad Comm'n v. City of Austin*, 524 S.W.2d 262, 279 (Tex. 1975). Thus, if we determine that the Commissioner's decision should be upheld on the grounds that Poole failed to request assault leave within a reasonable time, we need not address whether the District's 15-day deadline for filing a grievance is applicable to requests for assault leave under education code section 22.003(b).

The statute governing assault leave does not expressly impose a deadline for requesting leave. *See* Tex. Educ. Code Ann. § 22.003(b). In the absence of a statutory deadline for seeking a particular remedy, courts have supplied a requirement that the request be made within a reasonable time. *See Westheimer Indep. Sch. Dist. v. Brockette*, 567 S.W.2d 780, 789 (Tex. 1978) ("Texas law is firmly established that, when the statute fails to prescribe . . . a time limit [for appealing an administrative decision], an appeal must be taken within a reasonable time."). In

5

reviewing Poole's request for assault leave, the Commissioner interpreted section 22.003(b) to include this implied requirement that requests be made within a reasonable time.

While Poole argues that the statute may reasonably be interpreted to allow requests for assault leave at any time during the two-year period for which leave is available, *see* Tex. Educ. Code Ann. § 22.003(b), the question before us is not whether an interpretation of the statute posed by Poole is reasonable, but whether the Commissioner's interpretation is reasonable and does not contradict the plain language of the statute. *See Dodd*, 870 S.W.2d at 7; *see also Smith v. Nelson*, 53 S.W.3d 792, 795 (Tex. App.—Austin 2001, pet. denied). Similarly, while Poole contends that the assault-leave statute should be characterized as a remedial statute and broadly construed, the rule of liberal construction for remedial statutes cannot be relied upon to "reverse the Commissioner's reasonable determination in an area where he possesses considerable authority and expertise." *Dodd*, 870 S.W.2d at 7; *see also Burch v. City of San Antonio*, 518 S.W.2d 540, 544 (Tex. 1975).

The Commissioner's interpretation of education code section 22.003(b) to require that requests for assault leave be made within a reasonable time of the alleged assault is reasonable and does not contradict the plain language of the statute. As a result, we will defer to the Commissioner's interpretation and affirm the decision if there is substantial evidence to support the conclusion that Poole's request was not made within a reasonable time. *See Midas Oil Co. v. Stanolind Oil & Gas Co.*, 179 S.W.2d 243, 246 (Tex. 1944) (holding that reasonableness of delay in seeking statutory relief is question of fact); *see also Thompson v. Pate*, 69 S.W.3d 743, 748 (Tex. App.—El Paso 2002, no pet.) (stating that reasonableness is question of fact unless evidence admits no other conclusion).

6

In the present case, Poole submitted her request for assault leave on September 15, 2003, 720 days after the date of the incident. Far shorter delays have been deemed unreasonable in the context of seeking relief from decisions of school officials. *See Heaberlin v. Joaquin Indep. Sch. Dist.*, 95 S.W.2d 1339, 1341 (Tex. Civ. App.—Beaumont 1936, no writ) (holding that teachers' 150-day delay in appealing decision of school board to county superintendent was unreasonable); *Watkins v. Huff*, 63 S.W. 922, 923 (Tex. Civ. App.—San Antonio 1901, writ dism'd) (upholding trial court's finding that two-week delay in appealing decision of state superintendent of public education was unreasonable); *see also Board of Water Eng'rs v. Colorado River Mun. Water Dist.*, 254 S.W.2d 369, 373 (Tex. 1953) (holding that seven-month delay in appealing administrative order creating water district was unreasonable).

As her sole justification for the delay between the alleged assault in September 2001 and her request for leave in September 2003, Poole asserts that she was unaware of the availability of assault leave until August 22, 2003. Ignorance of the law, however, does not constitute good cause for failure to timely request relief provided by statute. *See Allstate Ins. Co. v. King*, 444 S.W.2d 602, 605 (Tex. 1969) (holding that ignorance of available workers' compensation benefits and related filing requirements will not excuse delay in filing claim); *see also Osterberg v. Peca*, 12 S.W.3d 31, 38-39 (Tex. 2000) (holding that ignorance of law does not excuse violation of statute).

In reviewing the reasonableness of Poole's 720-day delay, the Commissioner may have considered the procedures to be followed when assault leave is requested. Once assault leave has been properly requested, the education code requires the school district to conduct an

7

investigation of the claim and determine whether leave is proper under the circumstances. *See* Tex. Educ. Code Ann. § 22.003(b). A substantial delay in requesting leave, particularly a delay that spans multiple school years, would hinder this investigation process, as witnesses or alleged perpetrators are likely to have graduated or otherwise become unavailable.

The Commissioner determined that Poole's request for leave, filed 720 days after the alleged assault, was not made within a reasonable time and was therefore barred. Because reasonable minds could have reached the same conclusion, the Commissioner's decision was supported by substantial evidence. *See Sizemore*, 759 S.W.2d at 116. As a result, the trial court did not err in upholding the Commissioner's decision. Poole's first issue is overruled.

In her second issue on appeal, Poole argues that the trial court erred in dismissing her claim for declaratory relief as an impermissible redundant remedy. *See* Tex. Civ. Prac. & Rem. Code Ann. § 37.004. When a statute provides an avenue for attacking an agency order, a declaratory-judgment action will not lie to provide redundant remedies. *Strayhorn v. Raytheon E-Systems, Inc.*, 101 S.W.3d 558, 572 (Tex. App.—Austin 2003, pet. denied); *Young Chevrolet, Inc. v. Texas Motor Vehicle Bd.*, 974 S.W.2d 906, 911 (Tex. App.—Austin 1998, pet. denied); *see also Texas Liquor Control Bd. v. Canyon Creek Land Corp.*, 456 S.W.2d 891, 895 (Tex. 1970) ("As a general rule, an action for declaratory judgment will not be entertained if there is pending, at the time it is filed, another action or proceeding between the same parties and in which may be adjudicated the issues involved in the declaratory action."). It is an abuse of discretion to award attorney's fees in connection with a claim for declaratory relief when the statute is relied upon solely as a vehicle to recover attorney's fees. *Raytheon E-Systems*, 101 S.W.3d at 572; *see also* Tex. Civ. Prac. & Rem. Code Ann. § 37.009 (West 2008).

8

Poole sought a declaratory judgment that she was entitled to assault leave, a question that was already before the trial court in her suit for judicial review of the Commissioner's order. If she prevailed in either her appeal of the Commissioner's order or her request for declaratory relief, the result would be the same. Because the relief sought in Poole's declaratory-judgment action is redundant of the relief available to her in a suit for judicial review under the education code, *see* Tex. Educ. Code Ann. § 7.057(d), the trial court did not err in dismissing Poole's declaratory-judgment action and the accompanying request for attorney's fees. *See Raytheon E-Systems*, 101 S.W.3d at 572 (holding that attorney's fees may not be awarded in connection with suit for declaratory judgment "when the relief sought is no greater than relief that otherwise exists by agreement or statute"). Poole's second issue on appeal is overruled.

## CONCLUSION

Having overruled both of Poole's issues on appeal, we affirm the trial court's judgment.

_____

Diane M. Henson, Justice

Before Chief Justice Jones, Justices Henson and Goodwin

Affirmed

Filed: May 5, 2011

9