ACCEPTED
03-15-00325-CV
7573299
THIRD COURT OF APPEALS
AUSTIN, TEXAS
10/28/2015 10:22:37 AM
JEFFREY D. KYLE
CLERK

No. 03-15-00325-CV

_____

IN THE COURT OF APPEALS
FOR THE THIRD DISTRICT OF TEXAS
AT AUSTIN

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
10/28/2015 10:22:37 AM
JEFFREY D. KYLE
Clerk

_____

**TEXAS HEALTH AND HUMAN SERVICES COMMISSION**
*Appellant*,

**v.**

**JESSICA LUKEFAHR**
*Appellee*.

_____

On Appeal from the 345th Judicial District Court
of Travis County, Texas
Cause No. D-1-GN-14-002158
The Honorable Stephen Yelenosky Presiding

_____

**APPELLANT'S REPLY BRIEF**

_____

KEN PAXTON
Attorney General of Texas

CHARLES E. ROY
First Assistant Attorney General

JAMES E. DAVIS
Deputy Attorney General for Civil
Litigation

DAVID A. TALBOT, JR.
Chief, Administrative Law Division

**ORAL ARGUMENT REQUESTED**

KARA HOLSINGER
Assistant Attorney General
State Bar No. 24065444
OFFICE OF THE ATTORNEY GENERAL
OF TEXAS
Administrative Law Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
Telephone: (512) 475-4203
Facsimile: (512) 320-0167
kara.holsinger@texasattorneygeneral.gov

COUNSEL FOR APPELLANT

# TABLE OF CONTENTS

TABLE OF CONTENTS ...................................................................................... ii

INDEX OF AUTHORITIES ............................................................................. iii

ARGUMENT AND AUTHORITIES ....................................................................2

I.      Ms. Lukefahr Conflates the Substantial Evidence Standard of Review in a Suit for Judicial Review with the Preponderance of the Evidence Standard Applicable at a Fair Hearing ........................................................................2

II.    Ms. Lukefahr Artificially Limits the Reasons for Denial of the Exceptional Circumstances Request ...............................................................................4

III.   Substantial Evidence Supports HHSC's Determination that a Static Stander meets Ms. Lukefahr's Medical Need to Stand ...............................................8

IV.   Ms. Lukefahr Received Adequate Due Process ............................................14

PRAYER ..........................................................................................................15

CERTIFICATE OF COMPLIANCE ...................................................................17

CERTIFICATE OF SERVICE ...........................................................................17

# INDEX OF AUTHORITIES

## CASES

*Beal v. Doe*,
432 U.S. 438 (1977)...................................................................................................12

*ERI Consulting Eng'rs, Inc. v. Swinnea*,
318 S.W.3d 867 (Tex. 2010).....................................................................................3

*Goldberg v. Kelly*,
397 U.S. 254 (1970)...................................................................................................14

*Moore v. Reese*,
637 F.3d 1220 (11th Cir. 2011) ......................................................................... 10, 12

*Poole v. Karnack Indep. Sch. Dist.*,
344 S.W.3d 440 (Tex. App.—Austin 2011, no pet.)..................................................3

*Rush v. Parham*,
625 F.2d 1150 (5th Cir. 1980) ................................................................................10

*State v. Pub. Util. Comm'n*,
883 S.W.2d 190 (Tex. 1994)........................................................................... 3, 4, 13

*Univ. of Tex. Med. Sch. at Hous. v. Than*,
901 S.W.2d 926 (Tex. 1995)....................................................................................15

## FEDERAL STATUTES

42 C.F.R. § 431.210 ...................................................................................................8

## STATE STATUTES

### TEX. GOV'T CODE

§ 2001.174.......................................................................................... 2, 3, 10, 11

# RULES

## 1 TEX. ADMIN. CODE

§ 354.1039(a)(4)(D) ...................................................................................................13

§ 357.5(3)(a) ..............................................................................................................2

§ 357.703(3) .............................................................................................................15

§ 357.9 .......................................................................................................................2

## TEX. R. APP. P.

§ 38.1(i) ......................................................................................................................3

No. 03-15-00325-CV

_____

IN THE COURT OF APPEALS
FOR THE THIRD DISTRICT OF TEXAS
AT AUSTIN

_____

**TEXAS HEALTH AND HUMAN SERVICES COMMISSION**
*Appellant*,

**v.**

**JESSICA LUKEFAHR**
*Appellee*.

_____

On Appeal from the 345th Judicial District Court
of Travis County, Texas
Cause No. D-1-GN-14-002158
The Honorable Stephen Yelenosky Presiding

_____

**APPELLANT'S REPLY BRIEF**

_____

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES the Texas Health and Human Services Commission

("HHSC") and files Appellant's Reply Brief.

## ARGUMENT AND AUTHORITIES

**I.**  **Ms. Lukefahr Conflates the Substantial Evidence Standard of Review in a Suit for Judicial Review with the Preponderance of the Evidence Standard Applicable at a Fair Hearing.**

Throughout Appellee's Brief, Ms. Lukefahr attempts to shift the standard of review from this Court's proper determination of whether HHSC's order is supported by substantial evidence to whether HHSC proved its case by a preponderance of the evidence at the fair hearing. Appellee's Brief 17-30; Tex. Gov't Code § 2001.174 (providing for substantial evidence review under the Administrative Procedure Act). But the issue of whether HHSC's denial of Ms. Lukefahr's exceptional circumstances request was supported by a preponderance of the evidence is not before this Court. The hearing officer who presided over the fair hearing was the finder of fact in this case. 1 Texas Admin. Code § 357.5(3)(a) ("After the hearing, the hearings officer makes a decision based on the evidence presented at the hearing . . ."). And the finder of fact determined that HHSC proved by the preponderance of the evidence that it correctly denied Ms. Lukefahr's exceptional circumstances request for a custom power wheelchair with an integrated stander. 1 Tex. Admin. Code § 357.9 (the agency bears the burden of proof by a preponderance of the evidence during a fair hearing); A.R. 564, 572. This Court does not weigh the evidence presented at the fair hearing, but reviews the record as a whole to determine whether "more than a mere scintilla" of

2

evidence supports HHSC's order. Tex. Gov't Code § 2001.174 ("a court may not substitute its judgment for the judgment of the state agency on the weight of the evidence on questions committed to agency discretion . . ."); *State v. Pub. Util. Comm'n*, 883 S.W.2d 190, 203-204 (Tex. 1994) ("The reviewing court, then, concerns itself with the reasonableness of the administrative order, not the correctness of the order." "[S]ubstantial evidence is more than a mere scintilla . . . ."). Thus, since this Court's review of this case is limited to a determination of whether substantial evidence in the record supports HHSC's decision, the Court should reject Ms. Lukefahr's attempts to shift the standard of review in this case.

Additionally, despite Ms. Lukefahr's assertion that no evidence in the record supports HHSC's denial of the mobile stander on exceptional circumstances review, HHSC's order is clearly supported by substantial evidence.[1] *Poole v. Karnack Indep. Sch. Dist.*, 344 S.W.3d 440, 443 (Tex. App.—Austin 2011, no pet.) (The Court presumes the order is supported by substantial evidence, and Ms. Lukefahr has the burden of proving otherwise.); Appellee's Br. 19 ("HHSC offered no evidence at the fair hearing to refute the professional opinion of Jessica's

---

[1] In her briefing before the district court, Ms. Lukefahr challenged HHSC's policy exclusion of mobile standers, but she abandons this argument on appeal. Appellee's Br. 16 ("This issue need not be resolved to affirm the district court's decision and is not repeated herein."). Thus, this appeal is confined to the denial of the mobile stander on exceptional circumstances review. Tex. R. App. P. 38.1(i) ("The brief must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record."); *ERI Consulting Eng'rs, Inc. v. Swinnea*, 318 S.W.3d 867, 880 (Tex. 2010) (issues not briefed are waived).

treating medical providers. . .").   Ms. Lukefahr's assertion is belied by the extensive arguments in her brief dedicated to discounting the evidence in the record that supports the findings and conclusions contained in the orders upholding the decision.  Appellee's Br. 19-30; A.R. 563-74, 580-91. Ultimately there is more than a mere scintilla of evidence in the record to support the hearing officer's and the reviewing attorney's findings and conclusions. *State v. Pub. Util. Comm'n*, 883 S.W.2d at 204. Therefore, the district court's final judgment should be reversed and HHSC's order affirmed.

## II.    Ms. Lukefahr Artificially Limits the Reasons for Denial of the Exceptional Circumstances Request.

Ms. Lukefahr claims that four reasons for denial of the integrated stander on exceptional circumstances review are provided in the denial letter, and HHSC is therefore limited to consideration of those four reasons in its decision upholding the denial. Appellee's Br. 9, 10 n. 10. But these "four reasons" reflect Ms. Lukefahr's mischaracterization of the denial letter, which does not provide four enumerated reasons for denial and does go beyond those limited reasons stated by Ms. Lukefahr. A.R. 58-60. As such, Ms. Lukefahr's claims that HHSC attempts to rely on reasons for denial outside of the denial letter is also in error. Appellee's Br. 17-19.

4

Ms. Lukefahr states that the denial letter provides "four reasons" for the denial:

> First, TMHP claimed that 'the main reason for requesting a standing power was not for treatment of your medical condition' . . . 'the main reason for requesting a standing power wheelchair was to help you progress at work.' Next, TMHP asserted that the 'papers did not show you can tolerate standing for longer periods of time, which limits your ability to benefit from a standing program.' TMHP then claimed the 'papers did not show you can perform tasks over and over again using your arms against gravity.' Finally, TMHP maintained that 'the papers did not state why a static stander that you could transfer into and out of would not meet your medical needs.'

Appellee's Br. 9. Importantly, TMHP provided additional reasons for the denial outside of Ms. Lukefahr's proffered "four reasons." The denial letter states:

> You have asked for a power wheelchair with tilt and recline and a standing feature. You are twenty-six years old and have spastic quadriplegia, dystonia, and cerebral palsy. You work at a local museum. You live by yourself and have help with getting your meds, bathing and dressing. You are able to stand for five minutes, three times a day using a walker. But, you are unable to stand long enough with your walker for the standing to be deemed therapeutic or helpful. With a seat-elevator you are able to transfer in and out of your current power wheelchair by yourself. The papers sent state that you would be able to reach shelves without help if you had a standing feature on a wheelchair and this would allow you to do librarian tasks. The papers sent in show you have very limited upper and lower body strength, you have problems with your muscle tone and you tire easily.
>
> The papers sent did not show that you are able to tolerate standing for longer periods of time and this limits your ability to benefit from standing. The papers sent did not show you are able to perform tasks over and over again using your arms against gravity. The papers sent show you also have problems with your muscle tone and muscle

5

spasms and this limits the range in your arms and hands and ability to move and use your upper body. Because you are able to transfer yourself in and out of your wheelchair using a wheelchair seat elevator, you would be able to use a static stander to obtain any medical benefits that might be obtained from a standing program. The papers did not state why a static stander that you could transfer into and out of would not meet your medical needs. The papers sent do not show you have a muscle or nerve condition that gets increasingly worse as you get older. **The review of the papers sent in show the main reason for requesting a standing power wheelchair was to help you progress at work. The main reason was not for the treatment of your medical condition.**

After reviewing and studying the clinical points of your request and your special medical needs it was found you may have a medical need both for a power wheelchair without a standing feature and a static standing system to meet both your medical and mobility needs. This equipment may be considered for you through Texas Medicaid if requested. The papers sent failed to support medical necessity for the standing feature (and its parts as part of the power wheelchair requested) or that the standing feature would serve a specific medical purpose for you. Because the standing feature on the power wheelchair would not serve a specific medical purpose for you, it could not be approved under the exceptional circumstances provision of 1 Texas Administrative Code § 354.1039(a)(4)(D) as requested by your provider. Because the standing feature cannot be separated from the power wheelchair requested the power wheelchair requested could not be approved.

A.R. 59 (emphasis added). As the denial letter does not enumerate four reasons for denial, and clearly includes far more explanation of the reasons for denial than those self-selected by Ms. Lukefahr, HHSC urges the Court to consider the notice provided by the denial letter itself in reviewing this case under Tex. Admin. Code § 2001.174, rather than Ms. Lukefahr's interpretation thereof.

6

Additionally, Ms. Lukefahr's erroneous interpretation of the reasons for denial has important consequences in this case. She asserts that HHSC relies on reasons outside of the denial letter to support denial of the exceptional circumstances request, but a full reading of the letter shows that this is not true. Appellee's Br. 17-19, 24-25. In one important example, Ms. Lukefahr asserts that HHSC's discussion of the inadequacy of the peer-reviewed literature submitted in support of her exceptional circumstances request was not presented as a reason for denial in the denial letter, and therefore cannot be used as substantial evidence to support the denial herein. Appellee's Br. 24-26; A.R. 429 (exceptional circumstances policy requires a least two articles from "evidence-based medical peer-reviewed literature" be submitted as part of the exceptional circumstances request). This is incorrect because the denial letter states: "[t]he papers did not state why a static stander that you could transfer into and out of would not meet your medical needs" and "the papers sent failed to support medical necessity for the standing feature. . .". A.R. 59. These statements notified Ms. Lukefahr that the papers sent in in support of the exceptional circumstances request, which included the peer-reviewed literature, did not support a medical need for a custom power wheelchair with an integrated stander. *Id*. As such, Ms. Lukefahr had notice that one reason for denial was that the information provided in support of the request

7

did not show that the integrated stander was medically necessary for her.[2] *Id.* Therefore, as HHSC provided Ms. Lukefahr with adequate notice of the reasons for the denial, and its order is supported by substantial evidence, HHSC's order should have been affirmed.

### III. Substantial Evidence Supports HHSC's Determination that a Static Stander meets Ms. Lukefahr's Medical Need to Stand.

Ms. Lukefahr attempts to undermine HHSC's determination that a static stander will meet her medical need to stand by arguing that the denial letter did not provide notice that failure to request or rule out a static stander could be a reason for denial of the mobile stander, that HHSC's witnesses were not qualified to provide testimony on this issue, and that Ms. Lukefahr's medical provider's opinion on medical necessity is controlling. Appellee's Br. 20, 24-28. These assertions are contradicted by the record, which shows Ms. Lukefahr had adequate notice and that substantial evidence supports HHSC's determination that a static stander meets Ms. Lukefahr's medical need to stand.

Although Ms. Lukefahr claims that failure to request a static stander was not provided as a reason for denial, this is contradicted by the record. Appellee's Br.

---

[2] In Appellee's Brief, Ms. Lukefahr states that the denial letter did not specifically reference the peer-reviewed literature, and therefore was not part of the reasons for denial. Appellee's Br. 24-25. But a denial letter is not required to be so detailed. According to federal regulations, a denial letter must provide "the reasons for the intended action," which this letter did. 42 C.F.R. § 431.210. Nowhere do the federal regulations or state rules require that a denial letter be as detailed as Ms. Lukefahr would require.

8

20 n. 20. The denial letter informed Ms. Lukefahr that, in part, her request for a custom power wheelchair with an integrated standing feature was denied because she failed to show that a static stander would not meet her medical need to stand. A.R. 59 ("The papers did not state why a static stander that you could transfer into and out of would not meet your medical needs."). Additionally, the denial letter stated "you may have a medical need for a power wheelchair without a standing feature and a static standing system to meet both your medical and mobility needs." *Id*. Also, HHSC's exceptional circumstances policy required Ms. Lukefahr to provide letters of medical necessity "documenting alternative measures and alternative DME that have been tried and that have failed to meet the client's medical need(s), or have been ruled out, and an explanation of why it failed or was ruled out." A.R. 428. Thus, the record reflects that Ms. Lukefahr had notice that her exceptional circumstances request for an integrated stander was denied, in part, due to her failure to show that a static stander would not meet her medical needs.

Next, Ms. Lukefahr claims that HHSC's witnesses were not qualified to give testimony on the issue of whether a static stander would meet Ms. Lukefahr's medical needs and that the opinion of Ms. Lukefahr's medical provider is controlling. Appellee's Br. 19-20, 23-24, 27-28. First, Ms. Lukefahr asserts that HHSC witnesses Patricia Cannizzaro, a registered nurse who reviewed the exceptional circumstances request for TMHP, and Donna Claeys, a registered

9

nurse who reviewed the exceptional circumstances request for HSHC's Office of the Medical Director, were not qualified testify regarding her medical need to stand because they had not personally evaluated or treated Ms. Lukefahr.[3] Appellee's Br. 19-20, 24-28; A.R. 57, 423-24. Ms. Lukefahr has invented this standard and it is unsupported by the law. Again, Ms. Lukefahr invites the Court to substitute its judgement as to the credibility of witnesses for that of the finder of fact, the hearing officer who conducted the fair hearing. Tex. Gov't Code § 2001.174 ("a court may not substitute its judgment for the judgment of the state agency on the weight of the evidence on questions committed to agency discretion . . ."). Ms. Lukefahr cannot so easily dismiss the testimony of Ms. Cannizzaro and Ms. Claeys, which provide substantial evidence supporting the denial of the mobile stander.

Second, Ms. Lukefahr claims that because Ms. Cannizzaro and Ms. Claeys' testimony is not credible, the testimony of Ms. Lukefahr's medical providers is controlling. Appellee's Br. 24-28. But the law provides that both the provider and the Medicaid agency have a role in determining medical necessity. *Moore v. Reese*, 637 F.3d 1220, 1248 (11th Cir. 2011) *citing Rush v. Parham*, 625 F.2d 1150, 1155 (5th Cir. 1980) (both the physician and the State have roles in determining what

---

[3] Ms. Claeys and Ms. Cannizzaro testified on behalf of HHSC based on medical reviews of Ms. Lukefahr's exceptional circumstances request by doctors at both TMHP and HHSC's Office of the Medical Director. A.R. 423-27; Fair Hearing Audio Recording 1:07.45.

10

medical measures are necessary, and the physician's letter of medical necessity is not dispositive. That is exactly what occurred in this case. Ms. Lukefahr's durable medical equipment ("DME") provider and physician provided letters of medical necessity, along with other supporting documentation in submitting the exceptional circumstances request. A.R. 208-241. Texas Medicaid personnel, including physician Medical Directors, then evaluated and ultimately denied the exceptional circumstances request for an integrated stander. A.R. 58-60, 423-27. As such, Ms. Lukefahr's attempts to revisit witness credibility and distract this Court from its substantial evidence review should fail. Tex. Gov't Code § 2001.174.

Finally, substantial evidence supports HHSC's Order that a static stander, combined with the use of other, covered components of a custom power wheelchair[4] and the use of care providers, will meet all of Ms. Lukefahr's medical needs as expressed in the exceptional circumstances request. A.R. 563-74. In Appellee's brief, Ms. Lukefahr attempts to show that HHSC's order is not supported by substantial evidence by arguing that HHSC failed to provide any evidence to dispute her medical need to stand in the community and asserting that

---

[4] Ms. Lukefahr states that HHSC's denial of the other custom components of her custom power wheelchair shows that the medical necessity of these items is not undisputed, as HHSC has asserted. Appellee's Br. 33. But Ms. Lukefahr ignores that fact that these other custom components were only denied because they could not be separated from the wheelchair as requested. A.R. 59 ("Because the standing feature cannot be separated from the power wheelchair requested the power wheelchair requested could not be approved."); *see also* A.R. 572 (finding of fact 11). Thus, as the hearing officer found during the fair hearing, there is no dispute that a custom power wheelchair and static stander are medically necessary for Ms. Lukefahr. A.R. 572 (finding of fact 12).

11

she cannot transfer independently to and from her wheelchair nor does she have constant access to care providers. Appellee's Br. 21-30. None of these claims render HHSC's order unsupported by substantial evidence.

In the first instance, substantial evidence showed that Ms. Lukefahr has no medical need to stand in the community. A.R. 59, Fair Hearing Audio Recording ("H.R.") 1:49 (Ms. Cannizzaro testifying that the integrated stander was not requested for a therapeutic purpose and that other features will meet her medical needs.). Other, covered DME, like the tilt/recline feature on her wheelchair, will meet Ms. Lukefahr's medical need to change positions while away from home. H.R. 1:49, 2:02 (Ms. Cannizzaro testifying that the peer-reviewed literature indicates standing and recline offer similar load reductions.). Although Ms. Lukefahr may desire to stand to allow her to progress at work, this is not a matter of medical necessity. A.R. 59 ("The review of the papers sent in show the main reason for requesting a standing power wheelchair was to help you progress at work. The main reason was not for the treatment of your medical condition."); *Moore*, 637 F.3d at 1244 *citing Beal v. Doe*, 432 U.S. 438, 444 (1977) ("a participating state is not required to fund desirable but medically unnecessary services requested by a Medicaid recipient's physician"). Therefore, as Ms. Lukefahr does not have a medical need to stand while in the community, her assertion that HHSC offered no evidence to rebut this medical need is unavailing.

12

Furthermore, Ms. Lukefahr asserts that because both she and her medical provider testified that she cannot transfer independently and she does not have constant access to caregivers, HHSC's determination that an integrated stander is not medically necessary is incorrect. Appellee's Br. 20-22. But at least some evidence showed that Ms. Lukefahr can transfer independently to and from her wheelchair, which is all this is required for this Court to uphold HHSC's order on substantial evidence review. A.R. 59, 82, 168; *State v. Pub. Util. Comm'n*, 883 S.W.2d at 204 ("[S]ubstantial evidence is more than a mere scintilla. . . ."). Additionally, if Ms. Lukefahr cannot transfer independently, she has daily access to caregiver assistance to meet her medical need to stand for about one hour a day, five days per week.[5] A.R. 59, 82; H.R. 2:09.30. Constant caregiver assistance is not required to meet Ms. Lukefahr's medical need to stand.[6] As covered DME, including a static stander, will meet Ms. Lukefahr's medical needs, substantial evidence supports HHSC's order.

---

[5] Ms. Lukefahr cites to *Johnson v. Minnesota Dep't of Human Servs.*, 565 N.W.2d 453 (Minn. Ct. App. 1997) for the proposition that the use of caregiver assistance to perform a standing program is insufficient to meet her medical need to stand. This case has no relevance here, as it is not based on Texas Medicaid law and policy, which requires that review of an exceptional circumstances request be considered on an individual case basis. 1 Tex. Admin. Code § 354.1039(a)(4)(D) ("Medical equipment or appliances not listed in subparagraph (C) of this paragraph [related to covered appliances and equipment] may, in exceptional circumstances, be considered for payment when it can be medically substantiated as a part of the treatment plan that such service would serve a specific medical purpose on an individual case basis.").

[6] The district court judge also erroneously determined that caregiver assistance was not sufficient to meet Ms. Lukefahr's medical need to stand because she does not have constant access to caregivers. A.R. 224. The law simply does not require constant access to caregivers to meet a medical need to stand for about one hour per day. A.R. 427; H.R. 2:09.30.

## IV. Ms. Lukefahr Received Adequate Due Process.

Ms. Lukefahr alleges a denial of due process even though she has participated in hearings at multiple levels of administrative and judicial review and has received all required due process according to *Goldberg v. Kelly*, cited by Ms. Lukefahr as the standard for due process in this case. 397 U.S. 254 (1970); Appellee's Br. 18 n. 16, 35-37. According to *Goldberg*:

> The fundamental requisite of due process of law is the opportunity to be heard. The hearing must be 'at a meaningful time and in a meaningful manner.' In the present context these principles require that a recipient have timely and adequate notice detailing the reasons for a proposed termination, and an effective opportunity to defend by confronting any adverse witnesses and by presenting his own arguments and evidence orally.
>
> . . .
>
> Finally, the decision maker's conclusion as to a recipient's eligibility must rest solely on the legal rules and evidence adduced at the hearing. To demonstrate compliance with this elementary requirement, the decision maker should state the reasons for his determination and indicate the evidence he relied on . . . though his statement need not amount to a full opinion or even formal findings of fact and conclusions of law. And, of course, an impartial decision maker is essential.

*Goldberg*, 397 U.S. at 267-68, 271 (citations omitted).

In this case, Ms. Lukefahr received more than the due process required by *Goldberg*. After Ms. Lukefahr requested a custom power wheelchair with integrated stander for exceptional circumstances, TMHP and HHSC's Office of the

14

Medical Director reviewed, analyzed, and denied the request. A.R. 54-60. TMHP provided Ms. Lukefahr with a letter explaining the reasons for denial. A.R. 58-60. Ms. Lukefahr then participated in a fair hearing, after which the hearing officer issued findings of fact and conclusions of law and upheld HHSC's denial of the exceptional circumstances request. A.R. 563-74. HHSC's reviewing attorney reviewed the fair hearing decision and found no error.[7] A.R. 580-91. The trial court judicially reviewed HHSC's decision. C.R. 226. Now this Court is judicially reviewing the trial court's decision. Ms. Lukefahr's experiences before the administrative and judicial tribunals define adequate due process, and her claims to the contrary are without merit.[8]

## PRAYER

HHSC asks this Court to reverse the district court's judgment because HHSC's order denying Ms. Lukefahr's request for a custom power wheelchair with an integrated stander is supported by substantial evidence and is not arbitrary and capricious or in violation of Ms. Lukefahr's due process rights.

---

[7] Ms. Lukefahr asserts a denial of due process because the reviewing attorney did not address the "procedural errors raised by Jessica . . . ." Appellee's Br. 36. But there is no requirement, in HHSC rule or otherwise, that the reviewing attorney respond to specific issues raised by the Medicaid beneficiary. Rather, the reviewing attorney complied with HHSC rules by reviewing the fair hearing decision "for errors of law and errors of fact" and ultimately sustained the hearing officer's decision. 1 Tex. Admin. Code § 357.703(3); A.R. 590-91.

[8] In the alternative, if this Court concludes that Ms. Lukefahr is entitled to more due process, the clear solution is to remand this case back and begin due process anew. *See Univ. of Tex. Med. Sch. at Hous. v. Than,* 901 S.W.2d 926, 933 (Tex. 1995) ("In general, the remedy for a denial of due process is due process.").

15

Respectfully submitted,

KEN PAXTON
Attorney General of Texas

CHARLES E. ROY
First Assistant Attorney General

JAMES E. DAVIS
Deputy Attorney General for Civil
Litigation

DAVID A. TALBOT, JR.
Chief, Administrative Law Division


*/s/ Kara Holsinger*
 KARA HOLSINGER
Assistant Attorney General
State Bar No. 24065444
Office of the Attorney General of Texas
Administrative Law Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
Telephone:  (512) 475-4203
Facsimile:   (512) 320-0167
kara.holsinger@texasattorneygeneral.gov

*Attorneys for Appellant*

16

## CERTIFICATE OF COMPLIANCE

In compliance with Texas Rule of Appellate Procedure 9.4(i)(3) and relying on the word count function in the word processing software used to produce this document, I certify that the number of words in this document is 4,626 including the portions that would otherwise be exempted by TRAP Rule 9.4(i)(1).

/s/ Kara Holsinger
KARA HOLSINGER

## CERTIFICATE OF SERVICE

A true and correct copy of the foregoing Appellant's Reply Brief was served via e-serve and e-mail on this the 28th day of October, 2015 to the following:

Maureen O'Connell
Texas Bar No. 00795949
Southern Disability Law Center
1307 Payne Avenue
Austin, Texas 78757
Phone: 512-458-5800
Fax: 512-458-5850
moconnell458@gmail.com

*Attorney for Appellee*

/s/ Kara Holsinger
KARA HOLSINGER
Assistant Attorney General