ACCEPTED
15-25-00087-CV
FIFTEENTH COURT OF APPEALS
AUSTIN, TEXAS
5/28/2025 5:31 PM
CHRISTOPHER A. PRINE
CLERK

CASE NO. 15-25-00087-CV

FILED IN
15th COURT OF APPEALS
AUSTIN, TEXAS
5/28/2025 5:31:25 PM
CHRISTOPHER A. PRINE
Clerk

## IN THE COURT OF APPEALS
## FOR THE FIFTEENTH DISTRICT OF TEXAS

PORT ARTHUR INDEPENDENT SCHOOL DISTRICT,

Appellant,

vs.

DWIGHT WAGNER,

Appellee.

On Appeal from the 58th Judicial District Court of
Jefferson County, Texas
Trial Court Cause No. 24DCCV2154

## APPELLANT'S NOTICE OF SUPPLEMENTAL
## CLERK'S RECORD REQUEST

TO THE HONORABLE JUSTICES OF THE COURT:

Appellant, Port Arthur Independent School District, hereby notifies the Court

that a relevant document was inadvertently omitted from the Clerk's Record filed in

this appeal. Specifically, Defendant Port Arthur Independent School District's

Amended Plea to the Jurisdiction, filed on March 17, 2025, was not included in the

original Clerk's Record.

Pursuant to Texas Rule of Appellate Procedure 34.5(c), Appellant has submitted a written request to the Jefferson County District Clerk to prepare and file a Supplemental Clerk's Record that includes this omitted pleading. A copy of that written request is attached hereto as Exhibit A for the Court's reference.

Appellant's brief will be filed on time and will include the omitted Amended Plea to the Jurisdiction as an appendix for the Court's convenience, pending the filing of the supplemental record.

Respectfully submitted,

CARRIER LAW GROUP, P.C.
505 Orleans, Suite 505
Beaumont, Texas 77701
Tel: (409) 833-1119
Fax: (409) 271-3690


/s/ *Marivious Allen*
Marivious Allen
State Bar No. 24126295
mallen@caflawgroup.com
Melody Carrier
Texas Bar No. 00785096
mcarrier@caflawgroup.com
Attorneys for Appellant,
Port Arthur I.S.D.

**CERTIFICATE OF SERVICE**

I hereby certify that on May 28, 2025, a true and correct copy of the foregoing

notice was served electronically via the court's electronic filing system to all parties


/s/ *Marivious Allen*
Marivious Allen

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Marivious Allen on behalf of Marivious Allen
Bar No. 24126295
mallen@caflawgroup.com
Envelope ID: 101355548
Filing Code Description: Other Document
Filing Description: APPELLANTS NOTICE OF SUPPLEMENTAL CLERKS RECORD REQUEST
Status as of 5/29/2025 7:21 AM CST

Associated Case Party: Port Arthur Independent School District

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Marivious Allen | | mallen@caflawgroup.com | 5/28/2025 5:31:25 PM | SENT |
| Tracie Bullock | | tracie@caflawgroup.com | 5/28/2025 5:31:25 PM | SENT |
| Melody Carrier | | mcarrier@caflawgroup.com | 5/28/2025 5:31:25 PM | SENT |

Associated Case Party: Dwight Wagner

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Brandon Monk | 24048668 | brandon@themonklawfirm.com | 5/28/2025 5:31:25 PM | SENT |

Associated Case Party: Commissioner Mike Morath

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Sherlyn Harper | 24093176 | sherlyn.harper@oag.texas.gov | 5/28/2025 5:31:25 PM | SENT |

# C
## Carrier Law Group, P.C.
**505 Orleans, Suite 505, Beaumont, Tx 77701**
**P: (409) 833-1119 | F: (409) 271-3690**

**Melody Carrier**
mcarrier@caflawgroup.com
BOARD CERTIFIED LABOR AND EMPLOYMENT LAW
TEXAS BOARD OF LEGAL SPECIALIZATION

**Marivious Allen**
mallen@caflawgroup.com
ASSOCIATE ATTORNEY

May 28, 2025

**VIA E-FILING SERVICE**
Jamie Smith, District Clerk
Sherrye Kohler, Deputy District Clerk
Jefferson County Courthouse
1085 Pearl Street, Room 203
Beaumont, Texas 77701

Re:     **Request for Supplemental Clerk's Record**
        **Trial Court Cause No. 24DCCV2154**
        ***Dwight Wagner v. Port Arthur Independent School District***

        **Appellate Court Cause No. 15-25-00087-CV,**
        **Fifteenth Court of Appeals**

Dear Mr. Smith and Ms. Kohler:

The attached Defendant's Amended Plea to the Jurisdiction, dated March 17, 2025, was requested to be part of the Clerk's Record on April 8, 2025 (see attached), however, it was not included.

At your earliest convenience, please supplement the record with Defendant's Amended Plea to the Jurisdiction. *See* Tex. R. App. P. 34.5(c).

If any additional costs, designations, or documentation are required, please do not hesitate to contact my office. Thank you for your assistance with this matter.

Sincerely,

/s/ *Marivious Allen*
CARRIER LAW GROUP, P.C.
Marivious Allen
Melody Carrier
Attorneys for Defendant Port Arthur ISD (Appellant)

Cc:    Melody Carrier (mallen@caflawgroup.com)
       Brandon Monk (brandon@themonklawfirm.com)

FILED
DISTRICT CLERK OF
JEFFERSON CO TEXAS
3/17/2025 4:26 PM
JAMIE SMITH
DISTRICT CLERK
24DCCV2154

NO. 24DCCV2154

| | | |
|---|---|---|
| **DWIGHT WAGNER,** | § | **IN THE DISTRICT COURT OF** |
| **Plaintiff** | § | |
| | § | |
| **v.** | § | **JEFFERSON COUNTY** |
| | § | |
| **PORT ARTHUR INDEPENDENT** | § | |
| **SCHOOL DISTRICT,** | § | |
| **Defendant** | § | **58TH JUDICIAL DISTRICT** |

## DEFENDANT PORT ARTHUR INDEPENDENT SCHOOL DISTRICT'S AMENDED PLEA TO THE JURISDICTION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Port Arthur Independent School District ("Defendant" or "District"), and files this Amended Plea to the Jurisdiction, respectfully showing the Court as follows:

## I. INTRODUCTION

This lawsuit is a judicial appeal of the Texas Commissioner of Education's October 1, 2024, decision, issued pursuant to Texas Education Code § 21.304, which affirmed the Independent Hearing Examiner's Recommendation that Port Arthur ISD properly nonrenewed Plaintiff's employment contract. However, Plaintiff failed to comply with statutory requirements necessary to perfect this appeal by failing to timely join the Commissioner of Education within the 30-day statutory deadline.

Plaintiff's attempt to cure this jurisdictional defect through an amended petition is futile because he failed to make the Commissioner a party to this suit by December 16, 2024 (the statutory deadline). Therefore, the Court lacks jurisdiction over Plaintiff's judicial appeal.

Additionally, this Court lacks jurisdiction over Plaintiff's request for declaratory relief, as it constitutes an improper attempt to expand the scope of review beyond what is permitted under Texas Education Code § 21.307. Plaintiff cannot use the Declaratory Judgments Act as a means to

challenge the Commissioner's decision outside of the substantial evidence standard by statute. When a statutory framework provides the exclusive means for judicial review, declaratory relief is not available as an alternative remedy. Since the Texas Education Code provides the exclusive remedy for judicial review of contract nonrenewals, Plaintiff's request for declaratory relief is barred as a matter of law.

Accordingly, Plaintiff's judicial appeal was never properly perfected and his request for declaratory relief is jurisdictionally defective. Therefore, this case must be dismissed for lack of jurisdiction.

## II. STANDARD

A plea to the jurisdiction challenges the trial court's authority to determine the subject matter of a cause of action. *Cornyn v. County of Hill*, 10 S.W.3d 424, 427 (Tex.App.-Waco 2000, no pet.). Dismissal for lack of subject matter jurisdiction is appropriate when it is impossible for the plaintiff's petition to confer jurisdiction on the trial court. *Harris County v. Cypress Forest Pub. Util. Dist.*, 50 S.W.3d 551, 553 (Tex. App.-Houston [14th Dist.] 2001, no pet.).

## III. ARGUMENT

Plaintiff was required to make both Port Arthur ISD and the Commissioner of Education, Mike Morath, a party to this suit by December 16, 2024, in accordance with Texas Education Code § 21.307(b)-(c). Plaintiff's failure to join the Commissioner before the deadline creates an uncurable jurisdictional defect, depriving the Court of authority to hear this appeal. Plaintiff's request for declaratory relief is also jurisdictionally defective because it is redundant of the remedies available through judicial review under the Texas Education Code. Accordingly, the Court should dismiss this case for lack of jurisdiction.

**A.  Plaintiff Failed to Perfect His Appeal by Failing to Timely Join the Commissioner of Education.**

Texas Education Code § 21.307(b) provides that a petition for judicial review must be filed within 30 days of the Commissioner's decision or the denial of a request for rehearing. Additionally, Texas Education Code § 21.307(c) mandates that the Commissioner of Education must be a party to the appeal. Tex. Educ. Code § 21.307(c) ("The commissioner and each party to the appeal must be made a party to an appeal.").

The statutory language is mandatory, not discretionary. The failure to include the Commissioner as a party before the deadline means that this appeal was not perfected and cannot be retroactively cured.

1.  *Texas Education Code §21.307(b)-(c) Must Be Read Together to Establish a Properly Perfected Appeal.*

Despite Plaintiff's assertion that subsections (b) and (c) should be read separately, the plain language of the statute requires that they be construed together to determine whether an appeal has been properly perfected. The two subsections are not distinct or independent but instead operate in conjunction to establish both the deadline and the procedural requirements necessary for invoking the court's jurisdiction.

The requirement under subsection (c) that the Commissioner must be made a party to the appeal is not an optional or discretionary matter but rather a jurisdictional prerequisite that must be met before the end of the 30-day statutory deadline. Plaintiff's interpretation of the statute is flawed and contrary to law because it suggests that an appeal may be perfected without including all necessary parties, effectively allowing a plaintiff to unilaterally delay joinder and add the Commissioner at an indefinite later date. Such an interpretation is legally untenable because it creates a substantial procedural uncertainty, delays the resolution of the appeal, and prejudices both the District and the Commissioner.

If Plaintiff's reading of the statute were correct, a litigant could file a petition within the deadline but wait until trial or any other arbitrary time to add necessary parties, a result that would undermine the judicial review process and contradict the Legislature's intent in requiring expeditious and structured appeals of agency decisions. Texas law does not support Plaintiff's flawed interpretation.

### 2. *The Legislature Did Not Provide for Delayed Joinder – Jurisdiction Must Be Established Before the End of the Statutory Deadline.*

Texas Education Code § 21.307 contains no provision permitting delayed joinder of the Commissioner, nor does it suggest that an appeal is properly perfected when only one indispensable party has been made a party to the suit. If the Legislature had intended to allow a party to first file an appeal and then later join each necessary party to the suit after deadline, it would expressly stated so in the statute. Instead, Section 21.307(c) mandates that the Commissioner and each party must be a party to the appeal, meaning that an appeal that fails to include either party before the deadline is defective and not perfected.

Texas courts have strictly applied statutory joinder requirements in administrative appeals and have consistently held that litigants cannot retroactively cure jurisdictional defects through amendments filed after the statutory deadline. *See Wren v. Tex. Emp't Comm'n*, 915 S.W.2d 506, 509 (Tex.App.-Houston [14th Dist.] 1995, no writ) (holding that failure to join necessary parties within the statutory deadline was a jurisdictional defect that could not be cured by amendment); *Lambeth v. Tex. Unemp't Comp. Comm'n*, 362 S.W.2d 205, 207 (Tex.Civ.App.-Waco 1962, writ ref d) (holding that amending a petition after the statutory deadline to add necessary parties does not cure jurisdictional defects).

Similarly, in *Richards v. Tex. Workforce Comm'n,* No. 01-13-00403-CV, 2014 WL 2538621, at *3 (Tex. App.—Houston [1st Dist.] June 5, 2014, pet. denied), the Court of Appeals

explicitly rejected the plaintiff's argument that an amended petition naming the required parties after the statutory deadline could satisfy jurisdictional requirements. The Court of Appeals held that "if an employer who was a party to the proceedings before the [TWC] was not made a defendant within the statutory time limit, the petition may not be amended thereafter to cure the jurisdictional defect." *Id*. (quoting *Wren*, 915 S.W.2d at 509). *See also Kelley v. Tex. Workforce Comm'n*, No. 01-05-01110-CV, 2006 WL 3804451, at *2 (Tex. App.—Houston [1st Dist.] Dec. 28, 2006, pet. denied) (upholding plea to jurisdiction because plaintiff's amended petition naming additional defendants came "too late").

### 3. *Plaintiff's Appeal Was Never Perfected.*

The Commissioner issued his decision on October 1, 2024. Plaintiff filed a request for rehearing on October 18, 2024, which was denied by operation of law on November 15, 2024 (**45 days after the Commissioner's Decision was issued**). *See* Tex. Educ. Code § 21.3041(c). Thus, Plaintiff was required to perfect this appeal by December 16, 2024 (**30 days after the denial of the Request for Rehearing**). *See* Tex. Educ. Code 21.307(b). However, Plaintiff failed to join the Commissioner as a party by this statutory deadline, creating a jurisdictional defect that cannot be remedied through a post-deadline amendment.

When a statutory deadline for judicial review is not met, the court lacks jurisdiction. See *Moses v. Dallas Indep. Sch. Dist.*, 12 S.W.3d 168, 171-72 (Tex. App.—Dallas 2000, no pet.) (holding that a teacher's failure to perfect a judicial appeal precluded the district court from exercising jurisdiction over the case). In *Gilmer Indep. Sch. Dist. v. Dorfman*, 156 S.W.3d 586, 588-89 (Tex. App.—Tyler 2003, no pet.), the Court of Appeals held that the trial court erred in denying a plea to the jurisdiction where the plaintiff had failed to join the Commissioner of Education, an indispensable party, by the statutory deadline. *Gilmer Indep. Sch. Dist. v. Dorfman*,

156 S.W.3d 586 (Tex. App.—Tyler 2003, no pet.). Just as in *Dorfman*, Wagner's failure to join the Commissioner before the deadline deprives this Court of jurisdiction.

Lastly, Plaintiff's reliance on *Miranda v. Texas Dep't of Parks & Wildlife*, 133 S.W.3d 217 (Tex. 2004) is misguided. *Miranda* allowed an amendment to cure a factual pleading defect, not a jurisdictional defect as it relates to a timely mandatory joinder. *Id*. The failure to meet a statutory deadline for perfecting an appeal is not a procedural pleading issue; it is a jurisdictional defect that bars the claim entirely.

Since Plaintiff failed to join the Commissioner by the statutory deadline, his appeal was never perfected, and this Court lacks jurisdiction to proceed. Plaintiff's attempt to cure his defect by amending his petition after the deadline does not retroactively confer jurisdiction that was never properly invoked. The failure to include a jurisdictionally required party within the deadline is a fundamental defect that precludes judicial review, and as such, this case must be dismissed.

## B. The Court Lacks Jurisdiction Over Plaintiff's Request for Declaratory Relief.

Plaintiff's First Amended Petition improperly includes a request for declaratory relief, seeking relief beyond what is available under Texas Education Code § 21.307. However, when a statutory framework provides the exclusive means for judicial review, declaratory relief cannot be used as an alternative method to challenge an agency decision. *See Poole v. Karnack Indep. Sch. Dist.*, 344 S.W.3d 440, 445 (Tex. App.—Austin 2011, no pet.) ("When a statute provides an avenue for attacking an agency order, a declaratory-judgment action will not lie to provide redundant remedies).

In *Poole*, the plaintiff sought judicial review of the Commissioner's decision that upheld the school district's decision to dismiss Poole's request for assault leave. *Id*. at 441. In addition to judicial review, the plaintiff also sought a declaratory judgment that she was entitled to assault

leave. *Id*. The Court of Appeals affirmed the district court's dismissal of the declaratory judgment claim, holding that it was an impermissible redundant remedy because the Education Code already provided a specific avenue for judicial review of the Commissioner's decision. *Id*. at 445. The appellate court, citing the Texas Supreme Court, reiterated the long-standing rule that declaratory relief is unavailable when another legal avenue exists to resolve the dispute, stating: "[a]s a general rule, an action for declaratory judgment will not be entertained if there is pending, at the time it is filed, another action or proceeding between the same parties and in which may be adjudicated the issues involved in the declaratory action." *Id*. (quoting *Texas Liquor Control Bd. v. Canyon Creek Land Corp.,* 456 S.W.2d 891, 895 (Tex. 1970)).

Applying this principle, the court held that because the request for declaratory relief was redundant to the relief available under the Education Code, dismissal of the declaratory action was proper. *Id*. Additionally, Poole's request for attorney's fees was also dismissed, as it was contingent on the declaratory relief claim. *Id*.

Similarly, here, Plaintiff seeks judicial review of the Commissioner's decision and requests a "declaration that the District's failure to follow its reduction in force policies violated Wagner's due process rights" and "[r]easonable attorney's fees and costs of court." *See First Amended Petition for Judicial Appeal and Request for Declaratory Relief*, pages 4-5. Plaintiff's request for declaratory relief is redundant of the relief already available to him through judicial review under Texas Education Code 21.307, and is therefore improper.

Since the Texas Education Code provides the exclusive statutory remedy for reviewing the Commissioner's decision, this Court lacks jurisdiction to consider Plaintiff's request for declarator relief. Plaintiff cannot use a declaratory judgment action to expand the scope of review or obtain

remedies beyond those permitted by statute. Thus, this Court must dismiss Plaintiff's declaratory judgment claim for lack of jurisdiction.

## IV.  CONCLUSION

Plaintiff's judicial appeal was never properly perfected because he failed to comply with the statutory requirements set forth in Texas Education Code § 21.307. Specifically, Plaintiff failed to join the Commissioner of Education before the expiration of the 30-day statutory deadline, creating a jurisdictional defect that cannot be cured through an amendment.

Moreover, this Court lacks jurisdiction over Plaintiff's request for declaratory relief because it is redundant to the judicial review under Texas Education Code § 21.307. Thus, this case must be dismissed for lack of jurisdiction.

## PRAYER

For these reasons, Defendant Port Arthur Independent School District respectfully requests that this Court:

1. Grant Defendant's Amended Plea to the Jurisdiction and dismiss this case with prejudice for Plaintiff's failure to join the Commissioner of Education before the statutory deadline under Texas Education Code § 21.307.

2. Hold that Plaintiff's request for declaratory relief is improper and outside the Court's jurisdiction.

3. Grant Defendant such other and further relief, at law or in equity, to which it may be justly entitled.

Respectfully submitted,

CARRIER LAW GROUP, P.C.
505 Orleans, Suite 505
Beaumont, Texas 77701
Tel: (409) 833-1119
Fax: (409) 271-3690

By: /s/ *Marivious Allen*
    Marivious Allen
    Texas Bar No. 24126295
    mallen@caflawgroup.com
    Melody Carrier
    Texas Bar No. 00785096
    mcarrier@caflawgroup.com
    Attorneys for Defendant,
    Port Arthur ISD

## CERTIFICATE OF SERVICE

I hereby certify that on March 17, 2025, a true and correct copy of the above foregoing document was served on Petitioner via email as follows:

THE MONK LAW FIRM
Brandon P. Monk
brandon@themonklawfirm.com
State Bar No. 24048668
4875 Parker Drive
Beaumont, Texas 77705
409-724-6665
409-729-6665-Facsimile
*Attorney for Plaintiff*

/s/ *Marivious Allen*
Marivious Allen

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Tracie Bullock on behalf of Marivious Allen
Bar No. 24126295
tracie@caflawgroup.com
Envelope ID: 98548819
Filing Code Description: No Fee Documents
Filing Description: DEFENDANT PORT ARTHUR INDEPENDENT SCHOOL DISTRICTS AMENDED PLEA TO THE JURISDICTION
Status as of 3/18/2025 7:08 AM CST

Associated Case Party: Dwight Wagner

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Brandon P.Monk | | brandon@themonklawfirm.com | 3/17/2025 4:26:12 PM | SENT |

Associated Case Party: Port Arthur Independent School District

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Melody Carrier | | mcarrier@caflawgroup.com | 3/17/2025 4:26:12 PM | SENT |
| Marivious Allen | | mallen@caflawgroup.com | 3/17/2025 4:26:12 PM | SENT |
| Tracie Bullock | | tracie@caflawgroup.com | 3/17/2025 4:26:12 PM | SENT |



## Carrier Law Group, P.C.
**505 Orleans, Suite 505, Beaumont, Tx 77701**
**P: (409) 833-1119 | F: (409) 271-3690**

**Melody Carrier**
mcarrier@caflawgroup.com
BOARD CERTIFIED LABOR AND EMPLOYMENT LAW
TEXAS BOARD OF LEGAL SPECIALIZATION

**Marivious Allen**
mallen@caflawgroup.com
ASSOCIATE ATTORNEY

April 8, 2025

**VIA E-FILING SERVICE**
Jamie Smith, District Clerk
Sherrye Kohler, Deputy District Clerk
Jefferson County Courthouse
1085 Pearl Street, Room 203
Beaumont, Texas 77701

Re:    **Request for Clerk's Record**
       **Trial Court Cause No. 24DCCV2154**
       *Dwight Wagner v. Port Arthur Independent School District*

Dear Ms. Smith and Ms. Kohler:

Please accept this correspondence as a formal request for the preparation of the Clerk's Record in the above-referenced case. On April 8, 2025, Defendant Port Arthur Independent School District filed a Notice of Interlocutory Appeal of the trial court's March 20, 2025, Order denying Defendant's Amended Plea to the Jurisdiction.

Pursuant to Texas Rule of Appellate Procedure 34.5, please include in the Clerk's Record the following documents:

- Plaintiff's Original Petition
- Plaintiff's First Amended Petition
- Defendant's Amended Plea to the Jurisdiction
- Plaintiff's Response to Defendant's Amended Plea to the Jurisdiction
- Defendant's Reply to Plaintiff's Response to Defendant's Amended Plea to the Jurisdiction
- Trial Court's Order Denying Defendant's Amended Plea to the Jurisdiction
- The Notice of Interlocutory Appeal
- The docket sheet and any other documents necessary to complete the appellate record

If any additional costs, designations, or documentation are required, please do not hesitate to contact my office. Thank you for your assistance with this matter.

Sincerely,

/s/ *Marivious Allen*
CARRIER LAW GROUP, P.C.
Marivious Allen
Melody Carrier
Attorneys for Defendant Port Arthur ISD (Appellant)


Cc:     Melody Carrier (mallen@caflawgroup.com)
        Brandon Monk (brandon@themonklawfirm.com)